**RITCHIE v. FLOUR MILLS OF AMERICA, Inc., et al.**

No. 11970.

Circuit Court of Appeals, Eighth Circuit.

Oct. 16, 1941.

William Ritchie, pro se, for appellant.

Justin D. Bowersock, of Kansas City, Mo. (Robert B. Fizzell and John F. Rhodes, both of Kansas City, Mo., on the brief), for appellees Bowersock, Fizzell & Rhodes.

David R. Hardy, of Kansas City, Mo. (Edgar Shook and Sebree, Shook & Gisler, all of Kansas City, Mo., on the brief), for appellees Thornton Cooke and Flour Mills of America, Inc.

J. Kirk Windle, of Chicago, Ill., Attorney, Securities and Exchange Commission (Chester T. Lane, of Washington, D. C., Gen. Counsel, and W. McNeil Kennedy, of Chicago, Ill., and Homer Kripke, of Washington, D. C., Attys., Securities and Exchange Commission, on the brief), for Securities and Exchange Commission.

Before GARDNER, WOODROUGH, and THOMAS, Circuit Judges.

WOODROUGH, Circuit Judge.

The appellant William Ritchie is one of the attorneys for the Vincent $6\frac{1}{2}$ per cent Convertible Gold Noteholders' Protective Committee which participated in the reorganization proceedings of the Debtor, Flour Mills of America, Inc., under Chapter X of the Revised Bankruptcy Act, 11 U.S.C.A. § 501 et seq. He has appealed from an order allowing him, as one of counsel for said committee, compensation in the sum of $250, and only partial reim-

bursement of $452.70 expenses incurred by him. His complaint is that the amount awarded for compensation is so grossly inadequate as to amount to abuse of discretion and that full reimbursement of his total expense was arbitrarily denied.

Mr. Ritchie's appeal was argued and submitted to us at the same time as the appeal taken by Thornton Cooke, Independent Trustee of the same debtor, from the allowance made in the same case to Mr. Ritchie's Co-Counsel for the Vincent Committee, Messrs. Bowersock, Fizzel and Rhodes. Our decision of that appeal is handed down together with our decision of this appeal. Cooke v. Bowersock et al., 8 Cir., 122 F.2d 986. Both appeals are based upon the same original papers brought up pursuant to Section 250 of the Revised Bankruptcy Act of 1938, 11 U.S.C.A. § 650, and both appeals have required search of the record to ascertain what services were performed by the attorneys for the Vincent Committee, to what extent they were compensable under Sections 242, 243, 11 U.S.C.A. §§ 642 and 643, as amended by the Chandler Act, and whether or not there was abuse of discretion.

▆▆▆ An additional point is made in this case in that the reorganization proceedings were in the District Court sitting at Kansas City. Mr. Rhodes' office is at Kansas City and Mr. Ritchie's at Omaha. Mr. Ritchie has argued that he caused Mr. Rhodes to be retained as local attorney for the Vincent Committee and that we should make a part of the fee awarded on account of Mr. Rhodes' services payable to Mr. Ritchie as attorney who "forwarded the business". We dispose of this point adversely to Mr. Ritchie because we think it is not reviewable in this appeal. Mr. Ritchie and Mr. Rhodes each elected to present his own individual claim for services to the District Court, each asking compensation for himself for his own services. Although every filing in the proceeding on behalf of the Vincent Committee carried plainly the names of both Mr. Ritchie and Mr. Rhodes as counsel, and the court was apprised of their association in the case, the form of the application made by each of them to obtain an order for compensation for his own individual services was adapted to and did preclude the court from considering any joint claim that might be due to them together or to one as

a forwarder of business and to the other as local counsel who received and attended to business as such. Mr. Ritchie alleged in his claim that he had no expectation or agreement for payment from any source outside of the estate of the Debtor and that the amount he applied for was "determined by the applicant solely upon his own responsibility and by no other means." We must confine ourselves to review of the issues presented and tried out below upon Mr. Ritchie's separate application for compensation for his own services.

We have drawn a general outline of the course of the proceedings in the reorganization in our opinion in the companion case, and as Mr. Ritchie's services were in connection with the same proceedings, it is unnecessary to repeat the outline here.

It appears that the Vincent Committee was organized at Mr. Rhodes' office on April 29, 1939, and it retained Mr. Ritchie and Mr. Rhodes as counsel and at the same time the form of powers of attorney to be solicited from noteholders and a form of letter of solicitation to them were prepared and agreed upon. On May 1, 1939, a petition to intervene in the reorganization was duly filed on behalf of the Vincent Committee. It continued to be recognized by the court and to be heard through its counsel until the plan of reorganization proposed by the Trustee and amended in many respects was accepted and confirmed by the court December 16, 1940. The affidavit in support of Mr. Ritchie's application for allowance for services establishes that during the twenty-month period of the pendency of the proceedings, Mr. Ritchie kept in touch with and fully informed of the reorganization proceedings and devoted considerable of his time and energies to the case. He estimates that 98 hours of his time were thus taken up at his office, and that he spent twelve days in connection with it "out of town". Among other specifications of his services Mr. Ritchie stated:

"This applicant assisted in the formulation of the Plan of Reorganization submitted by the Vincent Committee, and suggestions made by the Vincent Committee with respect thereto, and in the objections made by the Vincent Committee to the various Plans of Reorganization submitted by the Trustee, and in particular this applicant advised and insisted upon the Vincent Committee making proposals for

the inclusion of interest on the 6½% gold notes of the Debtor Company from September 1, 1938 until the date of reorganization, in amount approximately $350,000, which said suggestion was accepted by the Vincent Committee * * *.

"This applicant assisted in preparing the various briefs and arguments submitted by counsel for the Vincent Committee and in this manner assisted in advising the Court of the rights of the respective parties and the obligations of the Debtor Company."

█ We have fully considered the participation in the reorganization proceedings by the Vincent Committee through its counsel in our decision of the appeal of the Trustee against Mr. Rhodes and have stated our conclusion from the record that counsel for that committee took the position that the Debtor was insolvent and should not be reorganized on the basis of according recognition to any interests other than those of the noteholders. That position the committee firmly adhered to throughout the proceedings and from that position the plan of reorganization was consistently opposed and obstructed. Although Mr. Ritchie was not present with Mr. Rhodes when Mr. Rhodes committed the clients to the position as set forth in our opinion, Mr. Ritchie was attorney for the same client, his name was on the pleadings and briefs and what we have said as to the compensability of the services of Mr. Rhodes must be applied also to those of his co-counsel Mr. Ritchie. In the main they were not compensable out of the estate of the Debtor.

█ It is apparent that the only standing Mr. Ritchie had to appear or to be heard in the reorganization proceedings was as an attorney for the Vincent Committee. But he urges that in addition to the services for the Committee stated in the above quotation from his affidavit he also rendered some additional services of direct benefit to the estate and compensable within the statute. His summary of these services is itemized in eleven numbered items (including number six, which we have quoted), and we have carefully considered each of the matters relied on though consideration has been rendered difficult by the fact that no references are made to the documents and "original papers" which have been designated and lodged with us and upon which the appeal is required to be summarily heard. 11 U. S.C.A. § 650; Reconstruction Finance Corp. v. Herring, 9 Cir., 110 F.2d 320. But we are satisfied that there was not in any one of the items or in all together a benefit conferred or service rendered of such distinct and apparent importance that denial of a large allowance therefor would show abuse of discretion. On the contrary the record convinces that the compensable service at the most justified some compensation in the court's discretion. The court exercised the discretion in making the award appealed from, and we do not find that there was abuse to warrant interference by the appellate court.

█ The trial court appears to have given particular attention to Mr. Ritchie's claim for his expenses. No one questions that Mr. Ritchie made the expenditures in good faith. But of the total $452.70 expended, more than two hundred dollars expense was incurred by Mr. Ritchie before the Vincent Committee was organized. Mr. Ritchie was then being consulted by individual clients in respect to their interests. Upon the committee being organized at a later date, it adopted the position which it failed to sustain. We do not need to consider what expense might have been allowable if the committee had contributed to, rather than obstructed the plan, but we find no abuse of discretion in the court's refusal to allow the expense incurred by Mr. Ritchie before the committee was formed. The allowance to Mr. Ritchie of $250 for expense should not be disturbed.

The order appealed from is affirmed.