## PULLMAN CO. v. HALL.
### No. 3233.

Circuit Court of Appeals, Fourth Circuit.
Jan. 12, 1932.

J. M. B. Lewis, Jr., of Bluefield, W. Va., and George A. Kelly, of Chicago, Ill. (McClaugherty & Lewis, of Bluefield, W. Va., on the brief), for appellant.

Russell S. Ritz, of Bluefield, W. Va., for appellee.

Before PARKER, NORTHCOTT, and SOPER, Circuit Judges.

PARKER, Circuit Judge.

This is the second appeal in this case. The evidence on the second trial was practically the same as that on the first, and, as same is fully set forth in our first opinion, it need not be repeated here. See 46 F.(2d) 399. Upon the second trial there was verdict and judgment for the plaintiff for the sum of $7,500, and defendant has appealed. All of the assignments of error, except three, relate to discretionary matters which are not likely to arise upon a retrial of the case, and consequently need not be considered. Three assignments, however, merit consideration. These relate (1) to the instruction to find a verdict for plaintiff; (2) to the refusal of the court to dismiss the suit because of the alleged falsity of an affidavit for suit in forma pauperis by plaintiff under the West Virginia statutes; and (3) to the refusal of the court to allow defendant during the trial to cross-examine plaintiff as to filing this allegedly false affidavit.

Plaintiff's contention in the court below was that, while she was a passenger on a pullman car, one of the porters thrust his hand into her berth and felt around over her body, causing her fright, shame, humiliation, and other injury to her feelings. Defendant denied that the porter touched plaintiff in any way, and contended that he was feeling among her effects in the berth in an attempt to find whisky, having seen her drinking with another passenger and thinking that she had whisky in her possession. The evidence was widely conflicting as to the conduct of the porter, but it was undisputed that without just cause or excuse he thrust his hand into the berth of plaintiff and interfered with her belongings. The trial judge directed the jury to find a verdict for plaintiff upon the theory that the porter was guilty of a trespass on the admitted facts; and it is this instruction of which defendant complains.

While we think that upon the admitted facts, the trial judge was justified in instructing the jury that plaintiff was entitled to recover in the case, we think it was error to give such instruction without at the same time expressly instructing the jury that same was given because of the technical trespass proven and carried the right to recover only nominal damages. And he should have warned the jury, in giving such instruction, not to award damages for the assault alleged to have accompanied the trespass unless they were satisfied from the evidence that such assault occurred. Such instruction and warning were not given; and we think that the failure to give them was highly prejudicial to defendant.

The proof of technical trespass, upon which verdict was directed, of itself entitled plaintiff to recover only nominal damages, with right, of course, to recover any additional damage which the proof might establish. The proof as to additional damage was highly conflicting. The vital issue in the case was the question as to whether the porter made the alleged indecent assault; and the jury must have understood, as every one else understood, that this was the real question which was being tried. The direction to find a verdict for plaintiff, without the qualifying instruction and warning suggested, could readily have been understood by the jury as an instruction by the court to find for plaintiff on that controverted question. In directing a verdict because of the admission of the trespass, the court should have made it clear that such direction meant no more with respect to the recovery than that plaintiff was entitled to nominal damages. The instruction as given was misleading without further instructions as to the rules of law applicable; and under such circumstances the verdict should not be allowed to stand. Hall v. Weare, 92 U. S. 728, 23 L. Ed. 500; Ayres v. Watson, 113 U. S. 594, 609, 5 S. Ct. 641, 28 L. Ed. 1093; Panama R. R. v. Johnson, 264 U. S. 375, 393, 44 S. Ct. 391, 68 L. Ed. 748; Weiss v. Bethlehem Iron Co. (C. C. A. 3d) 88 F. 23, 30; 14 R. C. L. 775.

On the second question it appears that, at the time of the institution of this action in the state court, plaintiff filed an affidavit stating that she did not have and could not obtain the means or money with which to pay the court costs incident to the prosecution, and she was thereupon allowed to proceed in the cause without prepayment of costs, pursuant to the Barnes West Virginia Code, chapter 138, § 1. Prior to the last trial below, defendant made a motion to dismiss the action on the ground that the statements of the affidavit were false, averring that at the time plaintiff filed same she owned unincumbered real estate worth $1,000 or more, an automobile worth $300 or more, and had money in the bank and a position which paid her a monthly salary of $175. Plaintiff filed an answer to this affidavit of defendant, in which, however, no defense was made of the statements contained in the original affidavit, but which averred that plaintiff had made no application to the federal court for leave to proceed in forma pauperis under the federal statute and had made a deposit with that

court to cover costs and had met all costs and charges taxed against her. The judge below denied the motion to dismiss, basing his ruling upon the fact that plaintiff had made no application to proceed in forma pauperis under the federal statutes and had made a deposit and paid the costs incurred in her behalf in the prosecution of the case.

Assuming without deciding that the statute upon which defendant relies, 28 US CA § 835, authorizes the dismissal of an action on account of the falsity of an affidavit to proceed in forma pauperis filed in the state court from which the action is removed, we do not think the statute makes such dismissal mandatory. It was clearly the intention of Congress to leave the question of dismissal within the sound discretion of the District Judge; and, in the present case, where plaintiff has made a deposit for costs and has actually paid the costs for which she was liable, we cannot say that the discretion was not properly exercised, especially in view of the fact that the defendant waited until after the case had been once tried before making the motion.

We come then to the third question. Plaintiff testified as a witness in her own behalf; and on her cross-examination counsel for defendant proposed to question her as to her having sworn falsely in the affidavit filed as a basis for proceeding in forma pauperis. Upon objection of plaintiff's counsel, these questions were excluded. In this there was error. The proposed questions related to a matter connected with the very case on trial which undoubtedly affected plaintiff's credibility as a witness. The matter as to which inquiry was proposed was collateral to the issue on trial, and for that reason extrinsic evidence would not have been competent to establish it or to contradict plaintiff's testimony with regard thereto, but it was competent, on cross-examination of plaintiff, to question her with regard to it. The rule is that for the purpose of impeaching the credibility of a witness he may be questioned as to misconduct, even as to collateral matters, which has a tendency to show his lack of honesty or truthfulness; the qualification of the rule being that the party questioning him is bound by his answers and may not contradict him with regard thereto. See Wigmore on Evidence (2d Ed.) vol. 2, § 982 et seq.; Greenleaf on Evidence, Lewis's edition, § 459; 28 R. C. L. 607; Tla-koo-yel-lee v. U. S., 167 U. S. 274, 277, 17 S. Ct. 855, 42 L. Ed. 166. It is said that it was within the discretion of the trial judge whether questions would be permitted as to acts of misconduct affecting credibility. We think, however, that the matter resting within the discretion of the judge is merely the extent to which such examination may be pursued. To refuse the right to examine at all with respect to such matters is reversible error. Tla-koo-yel-lee v. U. S., supra; Alford v. U. S., 282 U. S. 687, 694, 51 S. Ct. 218, 75 L. Ed. 624; 28 R. C. L. 609.

For the reasons stated, the judgment below will be reversed, and the cause will be remanded for a new trial.

Reversed.