### HAWKINS v. MISSOURI PAC. R. CO.
### No. 14043.

United States Court of Appeals
Eighth Circuit.
March 16, 1951.

J. Fred Jones, Little Rock, Ark. (Edward
E. Stocker, Little Rock, Ark., on the brief),
for appellant.

Pat Mehaffy, Little Rock, Ark. (Henry
Donham, Little Rock, Ark., on the brief),
for appellee.

Before SANBORN, WOODROUGH
and JOHNSEN, Circuit Judges.

JOHNSEN, Circuit Judge.

In an action under the Federal Employers' Liability Act, 45 U.S.C.A. § 51 et seq., there was a verdict for the employer, on which the court entered judgment, and the employee has appealed.

Appellant claimed that a switch engine, on which he was working as a brakeman in appellee's yards at Spadra, Arkansas, had been started forward without a signal, while he was crossing the track in front of it, and that as a result he had received certain injuries. Appellee's contention was that the engine had been moved only on a signal from appellant himself, given after he had crossed over the track and was standing on the right hand side thereof, and that the accident had occurred when he undertook to mount the footboard, as the engine was passing him, and slipped or fell on it, without any fault of appellee. Appellee further denied that the accident had occasioned any such injuries to appellant as he claimed. The parties were in agreement that the engine was not moving more than two to three miles an hour at the time of the mishap. The evidence in the record would support a verdict for either party, on each of the respective claims and contentions made.

Reversal is sought on rulings of the trial court in matters of evidence and in relation to alleged remarks of appellee's counsel in argument to the jury.

The first point urged is that the trial court erred in sustaining an objection to the following question put to another brakeman of the switching crew, whom appellant called as a witness: "Did Mr. Hawkins (appellant) tell you how this accident happened?" It is contended that answer to the question should have been permitted as part of the res gestae. No foundation was laid for the receipt of any such statement on the part of appellant to the witness, other than to show that a conversation had occurred between the two subsequent to the accident, while appellant was sitting on the footboard of the engine. The witness testified to no observation of any abnormal physical or mental condition or other circumstance which might ordinarily suggest spontaneity. And appellant's own testi-

mony had previously indicated that he did not leave his work after the accident but remained at his tasks for the remainder of the day. In this doubtful setting, we can not say that the trial court could not require that some further indication of non-reflectiveness be established by the witness' testimony, before appellant's statement as to how the accident occurred would be received as a res gestae declaration. See Wigmore on Evidence, 2d ed., § 1747; Navajo Freight Lines, Inc., v. Mahaffy, 10 Cir., 174 F.2d 305, 308, 309.

Beyond this, and in further relation to the right to a reversal, appellant did not undertake to disclose what the witness' testimony in fact would have been, by an offer of proof. Seemingly, counsel at the time did not regard it as of any particular moment whether the testimony was received or rejected. Whatever, however, may have been the situation in this regard, the failure to comply with the requirement of rule 43(c) of the Rules of Civil Procedure, 28 U.S.C.A., as to making offer of proof, leaves appellant here without any basis for complaint of the trial court's action. This is not a situation of such plainness and certainty as to what the witness' testimony would be that the making of an offer of proof could properly be regarded as a mere futility. Cf. Cropper v. Titanium Pigment Co., 8 Cir., 47 F.2d 1038, 1042, 1043, 78 A.L.R. 737; Gantz v. United States, 8 Cir., 127 F.2d 498, 503. And equally, the situation can not be said to be one that involves such a plain probable miscarriage of justice on seeming error as to entitle it to be urged that we should act sua sponte, without regard to procedural preservation and actual demonstration of the asserted error.

The second point urged is that the trial court erroneously allowed medical experts for appellee to testify that a certain physical condition, which appellant claimed he had, would more naturally and probably be produced by an accident of a particular type, such as appellant had sustained some years before in other employment, than by an accident of the type involved in the present suit.

Appellant's doctor had testified that appellant had some compressed vertebrae, occasioned by fractures, which in his opinion had been produced by the present accident. Appellee's experts admitted that appellant's spine contained some depressed or deformed vertebrae but said that the condition was one of such physically-indicated duration that, even if it were possible to regard it as having been occasioned by fracture, the fractures would have had to have occurred before the present accident.

Appellant had admitted in his cross-examination that some 20 years previously, while in other employment, he had had an accident which had caused him to fall a distance of 6 to 8 feet and to light on his buttocks. This accident had been the subject of a suit against his then-employer. Injury to the region of his tail bone had been asserted by him in that suit, but it did not appear, however, that he had made any claim of existing compression fracture of the vertebrae at that time. On cross-examination of appellant's doctor, the question was asked, without objection, whether such a type of fall as was involved in appellant's previous accident, a description of which was made to the witness, was not "the one which most usually results in a compression fracture of the thoracic vertebrae or the upper lumbar vertebrae," and the witness replied, "Yes, sir, it is a very common cause."

When appellee later undertook to ask one of its own medical experts, after describing the fall involved in the previous accident and that involved in the present suit, "Which of the two types of occurrences is most likely or would most usually result in compression fractures?", it was objected that such an abstract question amounted to mere speculation, and that in any event answer thereto would constitute an invasion of the jury's province. The court overruled the objection, and the witness answered that a fall upon the buttocks was the type of accident which was the more likely to occasion compression fractures of the lower vertebrae. The witness went on to give the reasons and basis for his answer. It was made clear by the evidence, however, that of course it was not impossible for

either of the two types of fall to produce such fractures.

We do not think that the court erred in allowing the question to be answered in the situation. Medical observation and experience in dealing with such a special injury as a compressed vertebral fracture would make the general statement of a qualified physician as to the type of fall which most commonly produced such an injury more than a speculation. And appellant's previous accident was not one of such demonstrated special circumstances or conditions as could be said to make this generality plainly inapplicable and without· any possible relevance. Whatever force it might have or not have in the particular situation was for the jury to say in its relation to the other evidence, and, if it was without any force in the circumstances, this fact would be sufficiently capable of protective development and demonstration on the part of appellant, through cross-examination and in jury argument, so that it was not possible to contend that the testimony would be in any event misleading. Nor is it possible to claim that to permit an expert to state an opinion in a technical field, which the trial court feels may be of assistance to the jury, is an invasion of the province of the jury, merely because the opinion has relation to some ultimate fact on which the verdict of the jury may depend. Cropper v. Titanium Pigment Co., 8 Cir., 47 F.2d 1038, 1043, 78 A.L.R. 737. The admission of such evidence ordinarily only commands reversal where it plainly appears that the testimony was without any legitimate bearing on the questions at issue or that it otherwise was without need or any possibility of useful purpose, and where in addition it was capable of prejudicing the minds of the jury. United States Smelting Co. v. Parry, 8 Cir., 166 F. 407, 410, 411.

It also is ·contended that the admission of this testimony was further erroneous, because the facts hypothesized to the witness regarding appellant's previous accident contained a misstatement, in that appellant's fall upon his buttocks was described to the witness as having been to the floor instead of onto a ledge. This contention does not call for consideration (1) because there was no challenge at the time for inaccuracy but only for sufficiency of the hypothesis made, and (2) because the inaccuracy impresses as in any event being trivial.

The third point urged is that the court erred in at all admitting testimony regarding appellant's previous accident, because such evidence necessarily was both irrelevant and prejudicial. Plainly, however, as we have suggested above, the fact that appellant had had an accident some years before, of the type medically recognized as being most commonly productive of a compression fracture, could not be said to be utterly incapable of having any relevance on the question of proximate cause, in its relation to the testimony of appellee's experts that the vertebral condition, for which appellant was seeking recovery, had, from its physical manifestations, existed prior to the time of the present accident. Cf. 58 Am. Jur., Witnesses, § 641, p. 355. The fact that appellant had not in his suit on the previous accident claimed any such injury would not of course be sufficient to make that accident irrelevant but could at most only constitute a circumstance that might have some relationship to the general probabilities of the situation. The extent to which the details and incidents of the previous accident should be permitted to be explored or developed was a matter for the judgment of the trial court, which here was reasonably exercised.

The trial court also had a right to admit as relevant, in relation to appellant's general credibility, the false statement made by him in his application for employment with appellee, that he had never had "any litigation with any railroad company, person, firm or corporation for damages on account of personal injuries." Any witness— and especially a party—may, for purposes of impeachment, be questioned as to acts of misconduct affecting his credibility, within such reasonable limitations as shall be imposed by the trial court in the particular situation. See Pullman Co. v. Hall, 4 Cir., 55 F.2d 139, 141. More generally stated, the admission or exclusion of any evidence, as being properly relevant or being too re-

mote, is in the federal courts a matter primarily for the trial court's judgment, and its rulings in this respect will not be disturbed except for clear and prejudicial abuse of the discretion. Peoples Loan & Investment Co. v. Travelers Ins. Co., 8 Cir., 151 F.2d 437, 440.

The final point urged is that appellee's counsel was guilty of prejudicial misconduct in his argument to the jury and that the trial court erred in refusing to allow this unreported part of the trial proceedings to be incorporated in the record in the form of such affidavits as appellant submitted. The official court reporter was present in the court room during all of the arguments but had not taken any of them down because neither party had requested that this be done. Nor had there been any challenge by appellant to any part of the argument by objection or request for a mistrial. In appellant's motion for a new trial, among other grounds on which he sought to have the verdict set aside, it was charged that appellee's counsel had improperly argued to the jury "that the plaintiff had a lawsuit in mind when he was employed by the Missouri Pacific Railroad Company; that plaintiff had previously recovered a substantial judgment for injuries to his back and that when his money ran out he decided to collect again for an old injury or a congenital and the court did not admonish counsel and did not instruct the jury to disregard such statements."

The motion for a new trial was not reached for hearing until some months later, and meanwhile appellant had undertaken to prepare a statement of the portions of the argument which he claimed were objectionable, for incorporation in the record, under rule 75(n) of the Rules of Civil Procedure, 28 U.S.C.A., as unreported proceedings. He tendered to the court three almost identical affidavits, in which the statements set out in his motion for a new trial were considerably sharpened. These affidavits all were made from 3 to 5 months after the trial. Two of the affiants admittedly were mere casual spectators in the court room, who nevertheless purported after 5 months to have a definite recollection of the form of statements made in the argument. Ap-

pellee's counsel made a denial under oath of having indulged in any such statements as charged, either in form or substance.

The trial judge refused to accept the affidavits as proper unreported proceedings, for the reasons, among others, (1) that, while he could not after the several months which had elapsed state the details of the argument made, it had been his impression during the course of the argument that nothing was being said which called for intervention or admonition; (2) that for the two spectator-affiants to be able to set out with specificness what had been said in a court-room argument some 5 months previously would require "a remarkable memory;" (3) that appellant was attempting to set out fragments and not to reproduce the whole of whatever argument was made and such fragments could not properly be put into a record for review purposes; and (4) that there had been no objection of any nature or request for a mistrial which could make the argument such proceedings as appellant was entitled to have reviewed.

The trial court's refusal to accept the affidavits for incorporation in the record as unreported proceedings does not in the situation entitle appellant to a reversal. The trial judge apparently believed that no such argument had been made as was set forth in the affidavits. He declared that nothing that was said impressed him at the time as calling for intervention or admonition and that it appeared that this must also have been the view of appellant's counsel because they did not see fit to make any objection or other challenge. He further felt that, no matter what argument had been made, appellant had no right to ask to have only fragments thereof incorporated in the record and so lift the fragments out of their scene or setting.

All of this was sufficient justification for refusing to make the affidavits part of the record of the trial proceedings. We may add that the statements which the affidavits charge were made are not such as alone and in the absence of objection at the time or other previous appropriate challenge, would cause us to set aside a judgment. Except in extraordinary situations

calling upon us to act in the interest of judicial administration itself, a party has no right to ask to escape such evaluation as his counsel appear to have made of the significance of some fragment of jury argument in its setting, as measured by their treatment of it at the time. Cf. Petrilli v. United States, 8 Cir., 129 F.2d 101, 104.

Appellant's case was as to its jury aspects skillfully tried, and no error has been demonstrated in the proceedings.

Affirmed.