**CUMMINGS**

v.

**BOSTON & M. R. R.**

**No. 4801.**

United States Court of Appeals, First Circuit.

April 13, 1954.

As Modified May 5, 1954.

**134**

Francis H. Farrell, Boston, Mass. (Brenda M. Dissel, Boston, Mass., on the brief), for appellant.

George W. McLaughlin, Boston, Mass., for appellee.

Before MAGRUDER, Chief Judge, and WOODBURY and HARTIGAN, Circuit Judges.

HARTIGAN, Circuit Judge.

This is an appeal by the plaintiff from a judgment entered in the United States District Court for the District of Massachusetts, upon a jury verdict for the plaintiff in the sum of $600.

The plaintiff brought this action against the defendant, a Massachusetts corporation engaged in interstate commerce, under the provisions of the Federal Employers' Liability Act, 45 U.S.C.A. § 51 et seq. The complaint alleges that the plaintiff received injuries on October 12, 1951, while he was in the employ of the defendant and working in interstate commerce as a helper in the defendant's Boston Diesel Terminal repair shop in Somerville, Mass., and that such injuries resulted in whole or in part from the negligence of the defendant, its officers, agents, or employees. The answer denies the allegations of negligence and avers (1) that the injuries complained of were caused in whole or in part by the plaintiff's own negligence and (2) that the plaintiff's own negligence was the sole, proximate cause of his injuries.

The plaintiff testified that at about 11:45 p. m. on October 12, 1951, he went to the lower platform located between Tracks 3 and 4 in the Boston Diesel Terminal. This platform was about 10 to 12 feet wide and about 2½ to 3 feet below the height of the rails of the tracks. There is also an upper platform between Tracks 3 and 4 at the height of the running board of a Diesel locomotive. When the plaintiff arrived at the lower platform two locomotives were coupled together on Track 4. While he was inspecting the brake shoes and rigging of one of the locomotives in the course of his duties, he heard a fellow employee shout, "Watch out." He jumped back from Track 4 and slipped and fell in some oil about a foot in diameter on the platform floor. Immediately after the shout a locomotive struck the two locomotives coupled together on Track 4. The plaintiff, having jumped back from the track, was not then in a position to be hit by the locomotives. He complained, however, of a severe back pain resulting from his fall. He was taken to the Massachusetts General Hospital and was treated for an acute back strain. No fracture or dislocation was found. He was discharged from the hospital five days after his admission.

The defendant's motions for a directed verdict at the close of the presentation of the plaintiff's evidence and again at the end of all the evidence were denied. After the jury had returned a verdict for the plaintiff in the sum of $600, the plaintiff made a motion for a new trial. The court denied this motion.

The plaintiff asserts that a new trial should have been granted to him because the damages were "inadequate." We have frequently stated that the district court's ruling on this issue will be sustained on appeal unless it appears that it committed an abuse of discretion in denying the motion for a new trial. McCoy v. Cate, 1 Cir., 1941, 117 F.2d 194; New York, N. H. & H. R. Co. v. Zermani, 1

Cir., 1952, 200 F.2d 240, certiorari denied 1953, 345 U.S. 917, 73 S.Ct. 729, 97 L.Ed. 1351; Ballard v. Forbes, 1 Cir., 1954, 208 F.2d 883. We find no abuse of discretion in the instant case. The plaintiff argues that his loss of wages, costs of taxis, belt, heating pad, medicine, and doctors' fees alone totalled $689. In actions brought under the Federal Employers' Liability Act, however, the damages recoverable by the employee shall be diminished by the jury in proportion to the amount of negligence attributable to such employee. 45 U.S.C.A. § 53. There was evidence that the plaintiff was cautioned at safety meetings to watch out for oil spots and that there was sufficient light on the lower platform for the plaintiff to see any oil spots on it. Furthermore, there was testimony that about six months before the trial the plaintiff had practically recovered. Plaintiff himself testified that his back feels "pretty good" and now causes him no pain. Also, the credibility of the plaintiff's testimony on the extent of his pecuniary loss and particularly his pain and suffering is for the jury's determination. For these reasons and because the jury verdict should be increased by $100 for reasons hereinafter discussed, we cannot say that the district court's refusal to grant a new trial constituted an abuse of discretion. See Flener v. Louisville & N. R. Co., 7 Cir., 1952, 198 F.2d 77.

■ The plaintiff next contends that Dr. Morrison should have been permitted to testify as to whether he had formed an opinion on how long the plaintiff's pain and suffering would continue. Dr. Morrison testified that his only basis for forming such an opinion was the statements of the plaintiff. He also testified that he did not at any time treat the plaintiff and that he only gave him general advice. Furthermore, the plaintiff himself testified that he now felt no pain. Therefore, the opinion which the plaintiff's counsel was attempting to introduce in evidence embodied facts which the plaintiff himself testified did not exist. See Hupp Motor Car Corporation v. Wadsworth, 6 Cir., 1940, 113 F.2d 827; Connor v. O'Donnell, 1918, 230 Mass. 39, 119 N.E. 446. Also the plaintiff did not offer to prove what Dr. Morrison's opinion would have been, and thus we do not know the significance of the excluded evidence. See Trust Co. of Chicago v. Erie R. Co., 7 Cir., 1948, 165 F.2d 806; Hawkins v. Missouri Pac. R. Co., 8 Cir., 1951, 188 F.2d 348. For these reasons we find no prejudicial error in the exclusion of such testimony. See Nashville, C. & St. L. Ry. Co. v. York, 6 Cir., 1942, 127 F.2d 606.

■ The plaintiff further contends that the district court erred in charging the jury that they should use the $100 paid by the defendant under the "Railroad Unemployment Insurance Act," 45 U.S.C.A. § 351 et seq., as a set off or credit towards any recovery to which they found the plaintiff entitled. We find merit in this contention. It was agreed that the plaintiff had received payments under the provisions of the "Railroad Unemployment Insurance Act" on account of the injury for which this action was brought. The record, however, does not reveal the amount of these payments. Also the parties stipulated that the defendant has paid $100 into the railroad unemployment insurance fund for the benefit of the plaintiff. The defendant argues that this payment meets every requirement of the proviso clause in 45 U.S.C.A. § 55,[1] and thus the district

---

1. "§ 55. *Contract, rule, regulation, or device exempting from liability; set-off*
"Any contract, rule, regulation, or device whatsoever, the purpose or intent of which shall be to enable any common carrier to exempt itself from any liability created by this chapter, shall to that extent be void: *Provided,* That in any action brought against any such common carrier under or by virtue of any of the provisions of this chapter, such common carrier may set off therein any sum it has contributed or paid to any insurance, relief benefit, or indemnity that may have been paid to the injured employee or the person entitled thereto on account of the injury or death for which said action was brought. Apr. 22, 1908, c. 149, § 5, 35 Stat. 66."

court properly instructed the jury to set off $100. It is provided, however, in 45 U.S.C.A. § 362(*o*), enacted July 31, 1946, as follows:

"Benefits payable to an employee with respect to days of sickness shall be payable regardless of the liability of any person to pay damages for such infirmity. The Board shall be entitled to reimbursement from any sum or damages paid or payable to such employee or other person through suit, compromise, settlement, judgment, or otherwise on account of any liability (other than a liability under a health, sickness, accident, or similar insurance policy) based upon such infirmity, to the extent that it will have paid or will pay benefits for days of sickness resulting from such infirmity. Upon notice to the person against whom such right or claim exists or is asserted, the Board shall have a lien upon such right or claim, any judgment obtained thereunder, and any sum or damages paid under such right or claim, to the extent of the amount to which the Board is entitled by way of reimbursement."

Under the defendant's construction of 45 U.S.C.A. §§ 55 and 362(*o*), it would be allowed to set off $100 from the sum to which the jury found the plaintiff entitled, and at the same time the Board would be reimbursed from this sum to the extent that it has paid benefits to the plaintiff. Thus, in effect, the plaintiff reimburses the employer for money it paid into the insurance fund and never finally recovers the full sum to which he would be entitled under orthodox tort damage rules. For example, in the instant case the jury must have found that the plaintiff was entitled to $700 for his loss of wages, medical bills, and pain and suffering. In following the district court's instructions, however, the jury set off $100 from the sum of $700, and returned a verdict for the plaintiff for $600. If the Board had already paid the plaintiff, say $200, then under the provisions of 45 U.S.C.A. § 362

(*o*) it is entitled to reimbursement from the $600 jury verdict to the extent of $200. Therefore, under the defendant's construction, the plaintiff ultimately would only recover $600 for his injury, namely, the $400 remaining from the jury verdict and the $200 previously received by the plaintiff from the Board, despite the fact that the jury must have concluded that the plaintiff was entitled to $700 in damages. The result of the defendant's construction is that the plaintiff, in terms of a pecuniary recovery for his injury under the Federal Employers' Liability Act, would be financially in a poorer position after the passage of the "Railroad Unemployment Insurance Act" than before its enactment. We do not believe that Congress intended such a result, and we, therefore hold that the district court erred in instructing the jury to set off $100 from the sum to which the jury found the plaintiff entitled.

■ Having decided that the jury verdict ought to be increased by $100, we are then faced with the question of whether or not the decision in Dimick v. Schiedt, 1935, 293 U.S. 474, 55 S.Ct. 296, 79 L.Ed. 603 only permits us to reverse the judgment and remand the case to the district court for a new trial. In the Dimick case the plaintiff brought an action against the defendant in a federal district court to recover damages for a personal injury resulting from the alleged negligent operation of an automobile. The jury returned a verdict for the plaintiff for $500. The trial court ordered a new trial unless the defendant would consent to an increase of the damages to the sum of $1,500. The Supreme Court held that the Seventh Amendment to the Constitution of the United States deprived the trial judge of the power to refuse the plaintiff a new trial upon the condition that the defendant consent to an increase in damages fixed by the trial judge in excess of the jury verdict. We do not think that this holding is applicable to the circumstances of the instant case. The court in the Dimick case at page 486 of

293 U.S., at page 301 of 55 S.Ct., pointed out that "The controlling distinction between the power of the court and that of the jury is that the former is the power to determine the law and the latter to determine the facts. In dealing with questions like the one now under consideration, that distinction must be borne steadily in mind." The majority of the court believed that the trial court had conditioned its refusal to grant a new trial upon the defendant consenting to a fact found by the trial court, and thus that the plaintiff was deprived of his constitutional right of a trial by jury. In the instant case we are not making any factual finding in increasing the jury verdict. The parties have stipulated that $100 was paid by the defendant to the railroad unemployment insurance fund. We only resolve the legal consequences of that payment in view of the provisions of 45 U.S.C.A. §§ 55 and 362(o). Therefore, in holding that as a matter of law $100 should be added to the jury verdict, we are not depriving the plaintiff of his constitutional right to a trial by jury. See United States v. Kennesaw Mountain Battlefield Ass'n, 5 Cir., 1938, 99 F.2d 830. And there is no evidence that the district court's erroneous resolution of this question of law prejudicially mislead or confused the jury in its function of finding the facts. See United States v. Kennesaw Mountain Battlefield Ass'n, supra. The defendant's payments were not mentioned at all to the jury until the very end of the trial judge's charge, at which point he instructed them as a matter of law to credit the defendant with $100 if they found for the plaintiff.

We do not seem to have the power to enter an absolute judgment for the plaintiff in the sum of $700, Kennon v. Gilmer, 1889, 131 U.S. 22, 9 S.Ct. 696, 33 L. Ed. 110; Washington & G. R. Co. v. Harmon's Adm'r, 1893, 147 U.S. 571, 13 S.Ct. 557, 37 L.Ed. 284; Becker Bros. v. United States, 2 Cir., 1925, 7 F.2d 3; but if the defendant within 15 days from this date shall produce and file in the office of the clerk in this court a certified copy of an additur of $100 filed in the office of the clerk of the United States District Court for the District of Massachusetts, the judgment with the amount so added will be affirmed. If this is not done, the judgment will be reversed and a new trial granted.

Order.

The judgment of the District Court, as modified by the additur of $100, is affirmed; neither party recovers costs on appeal.