**Harry A. DECATO et al., Plaintiffs, Appellants,**

v.

**The TRAVELERS INSURANCE COMPANY, Defendant, Appellee.**

**No. 6881.**

United States Court of Appeals
First Circuit.

July 11, 1967.

N. George Papademas, Lebanon, N. H., for appellants.

Irving H. Soden, Concord, N. H., with whom Sulloway, Hollis, Godfrey & Soden, Concord, N. H., was on brief, for appellee.

Before ALDRICH, Chief Judge, McENTEE and COFFIN, Circuit Judges.

McENTEE, Circuit Judge.

In this action plaintiffs seek to recover alleged excessive charges paid by them to the defendant company as insurance premiums. Their claim is based upon an alleged misrepresentation by the defendant as to the maximum amount of premiums chargeable under the insurance plan in question.

Plaintiffs own and operate a trucking business in Lebanon, New Hampshire, and for some time had placed their insurance coverage with the defendant company. In November 1958, pursuant to a discussion as to how plaintiffs could reduce their insurance costs, the parties entered into a new insurance agreement, effective for the three year period beginning November 20, 1958, and covering a variety of risks relating to plaintiffs' business. The premiums under this new agreement were based on a so-called retrospective plan.[1] Defendant acknowledges that plaintiffs paid them a total of $60,681.16 in premiums under this plan.

Plaintiffs allege that in November 1958 when they changed over to the new plan, defendant represented that the premiums under it for the three year policy period would not exceed $50,772; that this was a misrepresentation of fact made with the intention of inducing them to enter into this plan; that plaintiffs entered into it in reliance upon this misrepresentation and now seek to recover the amount of premiums paid in excess of $50,772. Defendant denies that it ever represented to plaintiffs that their premiums would be other than those computed in accordance with the formula set forth in the agreement. In addition, defendant claims that under the plan the total amount of premiums for the entire policy period is $75,376.23, of which amount there is still a balance due of $14,695.07,—and filed its counterclaim for that amount.

Plaintiffs dispute the amount of defendant's counterclaim on the ground that there was substantial evidence that the amount demanded was much less.[2]

1. This plan differed from the insurance previously carried by plaintiffs in that the amount of the premiums which, under the plan, were computed yearly with a final computation made within eighteen months after the expiration of the three year policy period, were based on various factors such as number of employees, number and type of fleet, amount of losses, etc. during the policy period. If, for example, the losses are low the premiums would be lower than those payable under standard rates. Thus, by curtailing their losses plaintiffs could reduce the amount of their premiums.

2. Plaintiffs introduced in evidence two separate invoices dated December 14, 1962 and January 21, 1963, which is more than a year after the expiration of the policy period, sent to them by or on behalf of the defendant. Both were for $8,577.07. On the basis of these invoices, plus other documentary evidence, plaintiffs contend that the jury could have

On this point the trial court instructed the jury that if it found that defendant is entitled to recover from plaintiffs for additional premiums, it must then determine the amount thereof and it could find "either a lesser amount than what was demanded or as much as was demanded or what the evidence will justify * * *." [3]

After a two day trial [4] the jury returned a verdict for the defendant on plaintiffs' misrepresentation claim and also found in favor of the defendant for $8,577.07 on its counterclaim. Thereupon, defendant moved for judgment on its counterclaim, notwithstanding the jury's verdict, in the amount of $14,695.07. [5] The court granted this motion and entered judgment for the defendant for said amount on the ground that no issue of fact existed with respect to the amount due to defendant on its counterclaim.

■ In our opinion the decisive question here is whether, under the facts and circumstances above stated, the trial court erred in thus increasing the amount of damages awarded by the jury. [6] With respect to this question, defendant argues that Fed.R.Civ.P. 50

(b) gives the trial court authority to correct a previous error through the medium of a motion for judgment notwithstanding the verdict. While this may be true it must also be borne in mind that in so utilizing 50(b), the court may not invade the province of the jury. See Beacon Theatres, Inc. v. Westover, 359 U.S. 500, 79 S.Ct. 948, 3 L.Ed.2d 988 (1959). [7] Cf. Bentley v. Sunset House Distributing Corp., 359 F.2d 140, 143 (9th Cir. 1966).

■ Although there is a paucity of authority on the subject, we think the constitutional rule against additur, see Dimick v. Schiedt, 293 U.S. 474, 55 S.Ct. 296, 79 L.Ed. 603 (1934), is not violated in a case where the jury has properly determined liability [8] and there is no valid dispute as to the amount of damages. In such a case the court is in effect simply granting summary judgment on the question of damages. 6A Moore Fed.Prac. ¶ 59.08[4], 3804 and n. 67; Id., ¶ 59.05[3], 3748 and n. 41; Rocky Mountain Tool and Mach. Co., Inc. v. Tecon Corp. (Hartford Accident & Indemnity Co. v. Tecon Corp.) 371 F.2d 589 (10th Cir. 1967); cf. Dimick v. Schiedt, supra, 293 U.S. at 479, 55 S.Ct.

found that this figure represented the balance due. In addition, plaintiffs apparently challenged the amount of the losses under the plan by questioning defendant's destruction of certain of its records of these losses.

3. Defendant's counsel objected to this portion of the charge, contending that in the event the jury were to find for defendant on the counterclaim "they must necessarily return a verdict in the amount of $14,695.07, there being absolutely no evidence in the case to contradict any of the figures which have been submitted in evidence." In overruling this objection, the court remarked that if defendant's contention is correct this "could be corrected after any verdict."

4. At the conclusion of all the evidence, defendant moved for a directed verdict on its counterclaim, which motion was denied.

5. Plaintiffs moved to set aside the judgment and verdict and that judgment be entered for plaintiffs for $9,909.07—the

amount of plaintiffs' alleged overpayment of premiums. This motion was quite properly denied.

6. Plaintiffs made several contentions with respect to the question of liability, including the effect of a numerical error in the premium formula which appeared in a company work sheet, but we find no merit in these contentions.

7. In this case the Court, at page 501, 79 S.Ct. at page 952, admonished, as it had done earlier that " * * * Maintenance of the jury as a fact-finding body is of such importance and occupies so firm a place in our history and jurisprudence that any seeming curtailment of the right to a jury trial should be scrutinized with the utmost care."

8. As to compromise verdicts, see Young v. International Paper Co., 322 F.2d 820 (4th Cir. 1963). The court's ruling necessarily implied a finding that this verdict was not a compromise. We have no reason to disagree.

296; Cummings v. Boston & M. R. R., 212 F.2d 133, 136–137 (1st Cir. 1954); DePinto v. Provident Security Life Ins. Co., 323 F.2d 826, 837 (9th Cir. 1963), cert. denied, 376 U.S. 950, 84 S.Ct. 969, 11 L.Ed.2d 970 (1964). The only question here is whether the damages were truly in dispute, or were conclusively shown.[9] Just because a party chooses to litigate does not necessarily mean that there is a dispute as to damages. Even in a contract case for amounts certain we must look to the record.

Except for the question of misrepresentation, which the jury found against them, plaintiffs' only dispute with defendant's figures was with reference to the accuracy of some of them. This stemmed from the fact that defendant's underlying records were destroyed after certain basic figures had been transferred to other records. Applying the summary judgment rule, we feel that where, as here, proof of damages relates to matters solely within the defendant's control and the defendant has the burden of proof, summary judgment was not appropriate. Accordingly, the court's increase of the jury verdict cannot stand.

By increasing the verdict the court necessarily ruled that the verdict as returned was, at the least, against the weight of the evidence. Therefore the judgment must be set aside and a new trial granted but, in view of what the district court indicated by its action, we hold that this new trial should be on damages only. DePinto v. Provident Security Life Ins. Co., supra, 323 F.2d at 838; 28 U.S.C. § 2106. Cf. Neely v. Martin K. Eby Construction Co., Inc., 386 U.S. 317, 87 S.Ct. 1072, 18 L.Ed.2d 75 (1967); Gebhard v. Royce Aluminum Corp., 296 F.2d 17 (1st Cir. 1961).

Judgment will be entered affirming that portion of the district court's judgment with respect to liability; vacating that portion of said judgment with respect to damages and remanding the case for a new trial on the issue of damages on the counterclaim; no costs on appeal.

9. Where the damages are unliquidated ipso facto there is a legitimate dispute. Dimick v. Schiedt, supra.