Mary Ellen **BERNARD**, Appellant,

v.

**OMAHA HOTEL, INC.**, Appellee.

No. 72–1457.

United States Court of Appeals, Eighth Circuit,

Submitted April 9, 1973.

Decided Aug. 8, 1973.

Richard J. Dinsmore, Omaha, Neb., for appellant.

Ronald H. Stave, Omaha, Neb., for appellee.

Before LAY and STEPHENSON, Circuit Judges, and TALBOT SMITH,* Senior District Judge.

LAY, Circuit Judge.

This is a diversity personal injury case, appealed from the federal district court in Nebraska. The plaintiff, Mary Ellen Bernard, a citizen of Illinois, sued Omaha Hotel, Inc., the owner and operator of the Holiday Inn in Omaha, Nebraska. She alleged that she was injured when she caught her heel and fell in an exitway as she was preparing to leave the motel on July 11, 1969. The trial court instructed the jury under Nebraska law and upon deliberation the jury returned a verdict for the defendant.

On appeal the plaintiff essentially raises the following alleged errors: that the court erred (1) in submitting contributory and comparative negligence to the jury; (2) in excluding evidence concerning defendant's knowledge of the existence of missing tiles in the area of Mrs. Bernard's fall; (3) in refusing additional pre-trial discovery time in view of defendant's late disclosure of its maintenance records; (4) in refusing to give plaintiff's requested instructions; and (5) in requiring plaintiff to try her case to a six-man jury. Upon review we find no prejudicial errors in the trial court's rulings and affirm the judgment on the verdict.

■■ Mrs. Bernard was leaving the Omaha Holiday Inn from an exitway when she fell. The evidence shows some small tile squares were missing from the floor immediately in front of the door sill. The defendant produced evidence from several witnesses, including an officer of the Omaha Police Department, who testified that Mrs. Bernard had told them that she did not see the step, had missed it, and had fallen. This evidence was sufficient to place plaintiff's exercise of reasonable care into issue. We find no error in the trial court's submis-

* The Honorable Talbot Smith, Senior United States District Judge, Western District of Michigan, sitting by designation.

sion to the jury of contributory negligence under Nebraska's comparative negligence statute. Likewise our review, limited by plaintiff's brief oral exceptions made at trial,[1] of plaintiff's requested instructions and the court's given instructions, convinces us that there was no error in the instructions. Further, the issue raised relating to the district court rule requiring submission of the case to a six-man jury has now been resolved by the Supreme Court of the United States, Colgrove v. Battin, —— U.S. ——, 93 S.Ct. 2448, 37 L.Ed.2d 522 (1973).

Plaintiff's basic complaint centers around the restrictions placed by the trial court on her counsel's examination of Mr. McCue, the manager of the Holiday Inn. Plaintiff asserts that her counsel was not allowed to prove that an ice machine, located near the exit, had flooded prior to July 11, 1969, thereby supposedly loosening the tiles. Plaintiff claims this evidence was relevant to demonstrate the defendant corporation's knowledge of the defective condition existing. The difficulty with plaintiff's premise is that it is based on a supposition of proof that was neither demonstrated nor offered to be demonstrated and as far as the present record is concerned, it is extremely doubtful whether it could have ever been shown. The related examination of Mr. McCue was as follows:

"Q. Going back to this period of July of 1969, had you had trouble with flooding in the breezeway area?

A. Not to my knowledge. It would be on these reports if we had.

Q. Would you take a look at them and find out."

Immediately following this plaintiff's counsel asked:

"Q. Mr. McCue, have you had problems prior to 11 July 1969? Did you have problems in that particular breezeway, Breezeway 165, with respect to the ice machine creating flood conditions in that breezeway?"

and the court sustained an objection saying:

"I say the jury and the Court wouldn't be concerned about why they were in the condition they were in, except as to the knowledge the defendant might have as to the records that existed."

In Hawkins v. Missouri Pacific Railway Company, 188 F.2d 348, 350 (8 Cir. 1951), we observed:

". . . the failure to comply with the requirement of rule 43(c) of the Rules of Civil Procedure, 28 U.S.C.A., as to making offer of proof, leaves appellant here without any basis for complaint of the trial court's action. This is not a situation of such plainness and certainty as to what the witness' testimony would be that the making of an offer of proof could properly be regarded as a mere futility. Cf. Cropper v. Titanium Pigment Co., 8 Cir., 47 F.2d 1038, 1042, 1043, 78 A.L.R. 737; Gantz v. United States, 8 Cir., 127 F.2d 498, 503. And equally, the situation can not be said to be one that involves such a plain probable miscarriage of justice on seeming error as to entitle it to be urged that we should act sua sponte, without regard to procedural preservation and actual demonstration of the asserted error."[2]

---

1. Fed.R.Civ.P. 51 reads in part:
   "No party may assign as error the giving or the failure to give an instruction unless he objects thereto before the jury retires to consider its verdict, stating distinctly the matter to which he objects and the grounds of his objection.".

2. Compare Harris v. Smith, 372 F.2d 806, 815 (8th Cir. 1967), wherein we said:

   "Appellee claims that in any event there was no offer of proof concerning the essence of Dr. Harris' testimony and therefore the issue is here not reviewable. Rule 43(c), Federal Rules of Civil Procedure, 28 U.S.C.A., provides specifically that an offer of proof *may* be made when objection has been sustained to a question propounded by the examining attorney. To make an

■ Although we tend to agree that the trial court may have been overly restrictive in the examination, this witness' prior response indicates that he did not possess any knowledge concerning the flooding of the ice machine. Furthermore, an examination of the Holiday Inn's maintenance logs, later pursued in McCue's direct and redirect examination, showed that no record was made of such an incident.

Complaint is likewise made that the court would not allow McCue to testify whether any employees noted a defective condition in the area on July 11 and July 12 and whether they made a report of the same. The record shows the following:

"Q. Under your system of reports of employes of defective conditions or conditions needing repair in the premises, would this have included reporting missing tiles or loose tiles in Breezeway 165?

A. Had they noticed it, yes.

\*　　\*　　\*　　\*　　\*　　\*

Q. Assuming, Mr. McCue, that on July 11th, or prior thereto, a condition of loose tiles and missing tiles had been observed by an employe, would that have been a condition that you would have expected them to report?

A. Yes, sir.

Q. If that condition existed on July 11th, July 12th or July 19th, the dates of the accident and the photographs, would that condition have been reported by an employe?

A. If they had noticed it, it should have been, yes.

Q. You, yourself, did not notice it, you say?

A. No sir.

Q. Assuming that condition existed at the time the photographs were tak-

en on July 12, 1969, you didn't notice it?

MR. SODORO: I object to the question, Your Honor, for the reason it is argumentative.

BY THE COURT: Overruled.

Q. Did you or did any employes make any report of any condition on July 12, 1969.

A. I did not.

BY THE COURT: Just a moment.

MR. SODORO: Objected to, Your Honor, for the same reason.

BY THE COURT: Sustained.

MR. SODORO: It is subsequent to this accident. It has nothing to do with it."

Later the witness was given the opportunity to review the logs to see if any employee had ever reported the missing tiles. Although the record is not altogether clear, it is apparent the logs failed to show that any employee made such a report.

■ Complaint is likewise made that the defendant was dilatory in turning over the maintenance records and that plaintiff should have been given more leeway to develop the names of employees to be subpoenaed at trial. We have examined the entire record and find no prejudice here. Plaintiff was given the names of all employees who possessed knowledge of the condition several months before trial. Only one such employee's deposition was taken and none were subpoenaed to attend the trial. Under these circumstances we do not find such prejudice in the record as a whole to hold that the trial court's rulings require a new trial.

■ Although we affirm the judgment we nevertheless order that the defendant absorb its own costs and pay

offer of proof in the above circumstances would have been the proper course but a formal offer of proof is not an absolute requisite to enable the presentment of error on appeal if that error affects the substantial rights of

the parties. . . . . *If a question is proper on its face and indicates an answer favorable to the appellant, no offer of proof is necessary.*" (Our emphasis).

one-half of the cost of the overall appendix. Defendant is responsible for requiring the appendix to contain the complete medical testimony which is totally immaterial on this appeal. Under Rule 30(b) of the Federal Rules of Appellate Procedure, the parties are responsible for agreeing on only that portion of the record necessary for appellate review on the issues raised. The inclusion of the medical testimony merely prolonged the time for a busy court reporter to complete the transcript, increased the costs to the appellant and served to hinder the efficient administration of handling of a civil appeal.

Judgment affirmed; costs are assessed as ordered.