# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-20674

United States Court of Appeals
Fifth Circuit

**FILED**

December 10, 2014

Lyle W. Cayce
Clerk

DARLENE ALEXANDER,

Plaintiff−Appellee,

versus

SERVISAIR, LLC,

Defendant−Appellant.

Appeal from the United States District Court
for the Southern District of Texas
No. 4:12-CV-817

Before REAVLEY, SMITH, and SOUTHWICK, Circuit Judges.

PER CURIAM:*

Darlene Alexander, a former employee of Servisair, LLC ("Servisair"), sued it for violations of the Family and Medical Leave Act ("FMLA") and the

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-20674

Fair Labor Standards Act ("FLSA"). The jury found that Servisair had violated Alexander's FMLA rights and awarded her one dollar, which the district court increased to $74,008 and awarded attorney's fees. Servisair appeals the increase, the fees, and the jury instructions. Because the judgment included improper additur, we affirm in part and vacate and remand in part for reinstatement of the jury award and recalculation of the fees.

I.

On May 9, 2011, Alexander felt sick and went home from work. She called her manager and left a message stating that she was ill and would not be returning that day. She stayed home the next two days, leaving a voicemail for her manager each day.

On May 12, Alexander's supervisor Sandra Rayo called Alexander while Alexander was waiting to see a doctor. The content of the conversation is contested: Alexander presented evidence that she gave notice to her employer that she would be taking medical leave; Servisair presenting evidence that no such notice was given.

Alexander's doctor diagnosed her with an anxiety disorder and recommended that she take time off from work. On May 13, Alexander requested FMLA leave from the Reed Group, which was responsible for administering Servisair's FMLA policy. The parties dispute whether Alexander's supervisors were aware that she had requested FMLA leave. On that same day, Alexander stopped calling in daily to notify Servisair that she was sick and would be absent.

On May 18, Alexander's supervisors terminated her for the stated reason that she had violated a company policy requiring employees to call in before missing work. The parties disputed the policy and its applicability to employees waiting to be approved for FMLA leave. Servisair presented evidence that

2

No. 13-20674

the punishment for two consecutive no-call/no-show days was termination.  On June 6, the Reed Group notified Alexander that it had approved her for FMLA leave retroactive to May 10.

## II.

Alexander sued Servisair, claiming it had retaliated against her for exercising her rights under the FMLA,[1] interfered with her rights under the FMLA,[2] and violated the FLSA.  The jury found Servisair not liable on the FLSA claims and the FMLA retaliation claim but found it liable for interfering with Alexander's rights under the FMLA and awarded one dollar in damages.

On a motion by Alexander, the district court increased the award to $37,004, the undisputed amount of wages lost by Servisair during her period of unemployment.  Because the jury found that Servisair had acted in bad faith, the court doubled the damages to $74,008 under the liquidated-damages provision, 29 U.S.C. § 2617(a)(1)(A)(iii).  The court also awarded Alexander $91,728.75 in attorney's fees.

Servisair contends that the district court engaged in unconstitutional additur when it increased the jury award.  Servisair also claims that Alexander was not entitled to attorney's fees because she was not the prevailing party.  Finally, Servisair faults the exclusion of its proposed jury instructions.  We agree that there was unconstitutional additur but disagree that Alexander was not the prevailing party and that the jury instructions were insufficient.

---

[1] "It shall be unlawful for any employer to discharge or in any other manner discriminate against any individual for opposing any practice made unlawful by this subchapter." 29 U.S.C. § 2615(a)(2).

[2] "It shall be unlawful for any employer to interfere with, restrain, or deny the exercise of or the attempt to exercise, any right provided under this subchapter."　29 U.S.C. § 2615(a)(1).

3

No. 13-20674

III.

Although the rule against additur prohibits a court from increasing the amount of damages awarded by a jury, *Dimick v. Schiedt*, 293 U.S. 474, 482 (1935), there is an exception: If the jury has determined liability and "there is no valid dispute as to the amount of damages[,]" the court can increase the award to the undisputed amount without violating the prohibition on additur.[3] The district court concluded that the statute entitled Alexander to her lost salary between her termination by Servisair and her being hired in a new job and that such damages were not discretionary. Because Servisair had not disputed Alexander's evidence showing that she had lost $37,004 in salary from her termination, the court concluded that the amount of damages was not in dispute and increased the base damages to $37,004.[4]

Servisair contends that the amount of damages was in dispute because the jury could have found that Servisair's interference did not cause Alexander's damages. We agree. The statutory text and caselaw plainly require a causal link between the interfering activity and the claimed damages, and Servisair presented evidence on causation as part of its defense.

The FMLA's damages provision makes Servisair liable only for those "wages, salary, employment benefits, or other compensation denied or lost to such employee by reason of the violation." 29 U.S.C. § 2617(a)(1)(A)(iii). The remedy for an interference claim "is tailored to the harm suffered," and the remedial statute "provides no relief unless the employee has been prejudiced

---

[3] *Moreau v. Oppenheim*, 663 F.2d 1300, 1311 (5th Cir. Dec. 1981) (quoting *Decato v. Travelers Ins. Co.*, 379 F.2d 796, 798 (1st Cir. 1967)); *see also Roman v. W. Mfg., Inc.*, 691 F.3d 686, 702 (5th Cir. 2012) (applying *Moreau* to allow an increase of a jury's award of past medical expenses to the uncontested amount).

[4] The district court doubled these damages to $74,008 because the jury found that Servisair had acted in bad faith. The FMLA provides for liquidated damages equal to the damages and interest unless the employer acted in good faith. 29 U.S.C. § 2617(a)(1)(A)(iii). That finding and doubling are not at issue in this appeal.

by the violation." *Ragsdale v. Wolverine World Wide, Inc.*, 535 U.S. 81, 89 (2002). This was included in the jury instructions: "If you find that Defendant violated the FMLA, then you must determine whether Defendant has caused Plaintiff damages and, if so, you must determine the amount, if any, of those damages." And Question 3, telling the jury to enter the amount of damages if it found a violation, instructed it to skip the next question about bad faith if it answered "$0." Because the jury was presented with evidence that could lead it reasonably to conclude that Alexander's lost wages were the result of her violating a no-call/no-show policy and not the result of any interference, the amount of damages was subject to a valid dispute and was not eligible to be increased by the identified additur exception.

The law requires a causal link between the employer's interference and the claimed damages. Not presented here is whether a jury would err if it were to find liability for interference without any damages.[5] Likewise, we need not decide whether nominal damages are available under the FMLA.[6] Causation is an issue entrusted to the jury, and we have no challenge to the sufficiency of the evidence.

---

[5] The Supreme Court in *Ragsdale*, though not ruling on this question, distinguished between the requirements of an FMLA claim (located at § 2615) and the necessity of prejudice before damages can be available under § 2617. *See Ragsdale*, 535 U.S. at 89. Prejudice is a necessary element of an FMLA interference claim. *See Cuellar v. Keppel Amfels, L.L.C.*, 731 F.3d 342, 347 (5th Cir. 2013) ("To succeed on [an interference] claim, [the plaintiff] must at least show that [the defendant] interfered with, restrained, or denied her exercise or attempt to exercise FMLA rights, and that the violation prejudiced her."). Regardless, the jury did not award zero dollars.

[6] Several courts have held that nominal damages are unavailable under the FMLA. *See Walker v. United Parcel Serv., Inc.*, 240 F.3d 1268, 1278 (10th Cir. 2001*); Montgomery v. Maryland*, 72 F. App'x 17, 19 (4th Cir. 2003); *see also Franzen v. Ellis Corp.*, 543 F.3d 420, 426 n.6 (7th Cir. 2008) ("[W]e need not determine whether nominal damages otherwise are available under the FMLA."). Though Alexander's reply brief contends that nominal damages are not available under the FMLA, the issue is not properly before us, and even if nominal damages are unavailable, that does not mean that the uncontested amount of damages was $37,004.

No. 13-20674

IV.

The statute allows attorney's fees "in addition to any judgment awarded to the plaintiff." 29 U.S.C. § 2617(a)(3). Servisair contends that damages of one dollar are insufficient to make Alexander the prevailing party. That notion is groundless: Even an award of nominal damages is sufficient to render the plaintiff the prevailing party. *Farrar v. Hobby*, 506 U.S. 103, 112 (1992).

Like the statute in *Farrar*, however, the FMLA attorney's-fees provision allows only "a reasonable attorney's fee." 29 U.S.C. § 2617(a)(3). The reasonableness of a fee is determined in part by the degree of the plaintiff's success.[7] "When a plaintiff recovers only nominal damages because of his failure to prove an essential element of his claim for monetary relief, the only reasonable fee is usually no fee at all." *Farrar*, 506 U.S. at 115. The district court made its fee calculation only after increasing the amount of damages from one dollar; on remand, it should recalculate fees in light of the reinstated award and fees incurred in defending that award on appeal.

V.

Servisair contends that the district court's decision not to submit its proposed jury instructions provides grounds for a new trial.[8] To succeed in its challenge to the exclusion of a proposed instruction, Servisair must show four things. First, it must have preserved its objection. *Taita Chem. Co. v. Westlake Styrene, LP*, 351 F.3d 663, 667 (5th Cir. 2003). Second, it must show that "viewing the charge as a whole, the charge creates 'substantial and

---

[7] *See Farrar*, 506 U.S. at 115–16; *Hensley v. Eckerhart*, 461 U.S. 424, 436–37 (1983).

[8] Servisair asks for reinstatement of the original jury award to remedy the claimed error in jury instruction. We review this issue to see whether a new trial is warranted. *See Aero Int'l, Inc. v. U.S. Fire Ins. Co.*, 713 F.3d 1106, 1113 (5th Cir. 1983) ("A new trial is the appropriate remedy for prejudicial errors in jury instructions.").

ineradicable doubts whether the jury has been properly guided in its deliberations.'" *Id.* (quoting *FDIC v. Mijalis*, 15 F.3d 1314, 1318 (5th Cir. 1994)). Third, even if the charge was erroneous, we will not reverse "if the error 'could not have affected the outcome of the case.'" *Id.* (quoting *Mijalis*, 15 F.3d at 1318)). Fourth, Servisair must show "that the proposed instruction offered to the district court correctly stated the law." *Id.*

Servisair has not shown that the charge, viewed as a whole, created serious doubts whether the jury was properly guided. Servisair does not identify an erroneous statement of the law in the instructions. At most, it contends that the omission of its causation argument led the jury to confusion. As discussed above, the instructions and the verdict sheet told the jury that it needed to consider causation. Servisair cannot demonstrate error merely by showing that the instructions could have given more emphasis to a party's stronger arguments. A court "has discretion as to the substance and form of jury charges as long as the jury is not misled and understands the issues." *Freimanis v. Sea-Land Serv., Inc.*, 654 F.2d 1155, 1163 (5th Cir. Unit A Sept. 1981).

As evidence of insufficient instruction, Servisair points to the jury's note asking about firing FMLA applicants before they are approved for leave. The note does not support Servisair's contention. The question was unrelated to causation, asking only the technical question whether an employee has an interference claim for a termination that occurs before FMLA leave is approved. Servisair has not shown that the instructions failed to answer that question. Even if Servisair could show that the question gave insufficient guidance regarding when an FMLA entitlement accrues, its proposed instructions are unrelated to that question, instead bearing on the requirement that employees follow workplace policy.

Because the jury was presented with a dispute as to the damages caused by Servisair's interfering behavior, the decision to increase the award does not

No. 13-20674

qualify for the identified additur exception. The damages award is VACATED and REMANDED with direction to reinstate the jury award. Even with an award of one dollar,[9] however, Alexander was the prevailing party, and the district court should calculate the appropriate amount of attorney's fees on remand. Servisair establishes no error in the jury instructions, so the finding of liability is AFFIRMED.

---

[9] This appeal presents no challenge to the propriety of doubling the verdict to account for Servisair's bad faith, so the district court remains free to double that award in accordance with 29 U.S.C. § 2617(a)(1)(A)(iii) if appropriate.