KELLY, TRUSTEE IN BANKRUPTCY, *v.* UNITED STATES ET AL.

No. 309. Submitted January 8, 1937.—Decided February 1, 1937.

*Mr. W. B. Stratton* submitted for petitioner.

*Solicitor General Reed,* with whom *Assistant Attorney General Jackson, Messrs. Sewall Key, J. Louis Monarch,* and *Charles A. Horsky,* and *Miss Helen R. Carloss* were on the brief, submitted for respondents.

MR. JUSTICE McREYNOLDS delivered the opinion of the Court.

In a proceeding begun January 9, 1934, the District Court, Western District of Washington, adjudged the Carlisle Packing Company bankrupt, February 9, 1934. The United States presented their claim for income taxes for 1927, 1928, and 1929, and the trustee filed objections, June 18, 1934. He asserted that the Company received no taxable income during 1927 but suffered loss sufficient to offset any gains for 1928 and 1929. The Referee received copy of the duly authenticated judgment by the Board of Tax Appeals, which sustained the tax in question, took other evidence, and upon the whole record concluded that the Company lost as averred during 1927. He disallowed the claim and explained this action by an opinion.

Exceptions challenged the Referee's refusal to treat the decision of the Tax Board as conclusive and hold the Bankruptcy Court lacked power to consider the merits of the assessments. A petition for review by the District Court alleged finality of the Board's judgment, lack of power in the Bankruptcy Court, and asked disallowance of the claim.

From an abstract of the proceedings returned by the Referee it appears—[1]

That the United States had unsuccessfully objected to the introduction of any testimony concerning the merits of the questioned tax upon the ground that the Board's

judgment in respect of the same matter had become final and conclusive.

That the bankrupt had borrowed large sums from the Bank of California, and in 1927 when unable otherwise to meet its obligations had transferred to the Bank much property and received therefor its own cancelled notes for $650,000.00. The Company claimed no profit arose from this transaction and that it sustained large loss during 1927. The Collector ruled to the contrary and assessed delinquencies for three years. The Board of Tax Appeals sustained him, approved the assessments, and adjudged accordingly, January 4, 1934. On January 12, 1934, he made summary assessments. The time for contesting the Board's judgment had not expired when petitioner was adjudged bankrupt.

Upon motion of the United States the District Court directed that the bankrupt's tax returns be made parts of the record. It then heard the cause, considered whether the decision of the Board was conclusive, and held: "To reach the conclusion that a deficiency determined by the Board of Tax Appeals may be re-examined and re-decided by the Judge of a District Court or a Referee in Bankruptcy is, on its face, inconsistent with the intent and purpose on the part of Congress shown that a review of the Board's decision should be by such an appellate court." Accordingly it rendered an opinion, disaffirmed the Referee's action, and allowed the claim.

Thereupon the trustee appealed to the Circuit Court of Appeals. Among other things he assigned as error the ruling that the Bankruptcy Court lacked power to determine anew questions which the Board of Tax Appeals had adjudicated. Portions of the record in the District Court, certified as correct by the Clerk, were filed. Counsel for the United States obtained leave to make part of the transcript the District Court's opinion. This was

omitted, he said, through inadvertence only recently discovered.

It is asserted and not denied that the cause was heard by the Court without objection to the record, and that both sides treated the statement of the evidence as correct. Undoubtedly, the record was not properly authenticated within the requirements of Equity Rules Number 75 (b)[1] and 77.[2]

Upon its own motion the Circuit Court of Appeals raised the point and decided "appellant has not com-

[1] Equity Rule 75 (b), as amended, 286 U. S. 570, 28 U. S. C. A. § 723:

"The evidence to be included in the record, except expert testimony, shall not be set forth in full, but shall be stated in simple and condensed form, all parts not essential to the decision of the questions presented by the appeal being omitted and the testimony of witnesses being stated only in narrative form, save that if either party desires it, and the court or judge so directs, any part of the testimony shall be reproduced in the exact words of the witness. The duty of so condensing and stating the evidence shall rest primarily on the appellant, who shall prepare his statement thereof and lodge the same in the clerk's office for the examination of the other parties at or before the time of filing his praecipe under paragraph (a) of this rule. He shall also notify the other parties or their solicitors of such lodgment and shall name a time and place when he will ask the court or judge to approve the statement, the time so named to be at least ten days after such notice. At the expiration of the time named or such further time as the court or judge may allow, the statement, together with any objections made or amendments proposed by any party, shall be presented to the court or the judge, and if the statements be true, complete and properly prepared, it shall be approved by the court or judge, and if it be not true, complete, or properly prepared, it shall be made so under the direction of the court or judge and shall then be approved. When approved, it shall be filed in the clerk's office and become a part of the record for the purposes of the appeal."

[2] Equity Rule 77, 226 U. S. 672, 28 U. S. C. A. § 723:

"When the questions presented by an appeal can be determined by the appellate court without an examination of all the pleadings and

plied with either of these rules, but has disregarded them both. There is no statement of the evidence, nor is there any agreed statement of the case. In the absence of any such statement, we indulge the presumption that the evidence supports the judgment and warrants its affirmance."

The trustee asked for a rehearing, also that the record be returned to the District Court for settlement and proper authentication. Both things were denied. One of the Judges dissented, and from his unquestioned statement it appears: "Neither party raised the point on which the opinion was based. The point took its origin from the bench without suggestion from or reference to either party and in the face of extended argument and voluminous briefs based upon the statement of evidence contained in the abstract." He thought the petition for rehearing should have been granted and opportunity afforded to secure proper authentication of the record.

Manifestly the Equity Rules should be enforced with the strictness necessary to effectuate their essential purpose; orderly procedure so demands. But when, as here, there is mere omission of some step which has escaped the attention of both parties, and when rigorous enforcement without fair opportunity to correct the error would defeat hearing on the merits and entail unnecessary hardship, we think appropriate relief promptly asked for

evidence, the parties, with the approval of the district court or the judge thereof, may prepare and sign a statement of the case showing how the questions arose and were decided in the district court and setting forth so much only of the facts alleged and proved, or sought to be proved, as is essential to a decision of such questions by the appellate court. Such statement, when filed in the office of the clerk of the district court, shall be treated as superseding, for the purposes of the appeal, all parts of the record other than the decree from which the appeal is taken, and, together with such decree, shall be copied and certified to the appellate court as the record on appeal."

should be afforded. Permission to supply authentication of the record would have occasioned no material injury to any party, nor interfered seriously with the business of the Court. In the circumstances we must regard the denial of an opportunity to amend as an abuse of discretion—a violation of the spirit if not the letter of the Rules.

The judgment of the Circuit Court of Appeals must be reversed. The cause will be remanded there for further proceedings in harmony with this opinion.

*Reversed.*