**CLAWANS v. WHITE.**
**No 7331.**

United States Court of Appeals for the

District of Columbia.

Decided Feb. 5, 1940.

Rehearing Denied March 8, 1940.

Lillian Clawans, pro se, and F. D. Masucci, both of Newark N. J., and John F. Lillard, of Hyattsville, Md., for appellant.

Charles E. Ford, of Washington, D. C., for appellee.

Before STEPHENS, EDGERTON, and RUTLEDGE, Associate Justices.

RUTLEDGE, Associate Justice.

The appeal is from a judgment for the defendant in an action for slander and assault and battery. The trial was before a jury, and appellant has made many assignments of error. Appellee has filed a motion to dismiss the appeal because the record has not been perfected properly. Inasmuch as the question concerning the state of the record also involves the only assignments which have semblance of substance, it will be considered first.

Appellant was the first of approximately thirty witnesses. There was no reporter until, during her cross-examination, she charged the judge (not the trial justice in this cause) in another suit to which she had been a party, with having falsified the record on appeal. Thereupon the court interrupted the examination and called in a reporter, who took down the subsequent proceedings. In connection with this action appellant claims that the trial justice used language in the jury's presence which was prejudicial to her cause, and that she duly excepted.

The verdict was rendered in April, 1938. Subsequently she tendered a bill of exceptions to the trial justice which he refused to sign as inaccurate and erroneous. The record does not disclose the particular respects in which the court and appellant differed concerning the accuracy of the tendered bill. However, these differences prevented a perfection of the record in normal course and gave rise to various proceedings here

and below with a view to perfecting one proper for our consideration. Without going unnecessarily into detail, for present purposes it will be sufficient to say that eventually we ordered a copy of the entire transcript of the testimony reported below to be filed, and this was done. On two occasions we ordered appellant to file in the District Court a statement in narrative form of the proceedings not stenographically reported, requiring that any differences between the parties concerning the accuracy of the record thus made be settled by the trial justice. Rule 75(c), (h), Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c. On the first occasion appellant filed below, in purported compliance with our order, a copy of her rejected bill of exceptions. Appellee promptly filed objections and proposed amendments. After hearing, the trial justice again refused to approve the statement for inaccuracy. Later appellant filed here an uncertified copy of her rejected statement, assignments of error based thereon in part, and copies of her brief. On appellee's motion to strike these documents, we noted that the statement was not certified as required by our order and the Federal Rules, but, perhaps from excess of caution and in view of the differences between the parties, we again required appellant to file a narrative approved by the trial court. No such narrative has been filed and no further effort has been made to this end. The motion to dismiss the appeal is based on this deficiency in the record.

Obviously appellant is at odds not only with appellee but with the trial justice concerning what should be included in the narrative and therefore also concerning what transpired during the trial prior to the calling in of the reporter. The situation is unusual and, in effect, appellant asks us to accept her unsupported statements concerning occurrences in this phase of the trial in opposition to appellee's assertion that they are inaccurate and the trial justice's refusal to certify them for the same reason, as a basis for reversing the judgment rendered. Of course we cannot do this. While Rule 75(h) dispenses with the necessity for the trial court's approval of the record in ordinary circumstances, the situation presented here is the very one in which such approval is required. The rule further provides that if anything material to either party is omitted from the record "by error or accident or is misstated therein," the parties by stipulation, or the district court, or the appellate court, on proper suggestion or its own initiative, may direct that the omission or misstatement be corrected, and if necessary that a supplemental record be certified and transmitted by the clerk of the district court. Nothing in the rule requires that court to certify a narrative which it believes to be inaccurate or authorizes us to require it to do so. The rule is designed to afford ready means for the correction of errors or mistakes in the record, not to substitute the appellant's version of the trial for that of the court when they differ. It is intended to cover accidental and unintentional errors or omissions. The error or omission alleged here is not of that character; it involves a difference of recollection as to what took place. Clearly, the record is not in condition to enable us to consider the appeal upon its merits.

The question remains whether it should be dismissed. Ordinarily every reasonable opportunity should be allowed for the perfection of the steps necessary to complete the appeal. That has been done here, and more. We have done everything we are permitted to do to give appellant an opportunity to present the appeal in such form that it could be considered and decided with justice both to appellant and to appellee, as well as to the trial court. Appellant has had nearly two years in which to perfect the record. She has had more than a year in which to present a narrative which the trial court could approve or, failing in that, to take other permissible steps to perfect a proper record. She has done neither. She has made no suggestion to us in accordance with Rule 75(h) for correction of the record, nor has she asked for any relief except reversal of the judgment herein, which for reasons stated cannot be granted. In these circumstances, we think the only course properly open to us, taking account of appellee's interest as well as appellant's in view of the length of time which the litigation already has occupied, is to grant appellee's motion to dismiss the appeal. In doing so, we shall extend the opinion briefly, in order that there may be full understanding of the reasons for our action.

Errors of omission or misstatement in the record conceivably may be of three kinds: (1) those which are accidental merely; (2)

those due to honest difference of opinion or memory between the appellant and the trial justice; and (3) those due to deliberate and intentional fraud by the trial justice.

█ The first class may be corrected by any of the procedures prescribed by Rule 75(h). Obviously the deficiencies here are not of this character. Nor, if they were, has appellant complied with any of the procedures specified. The deficiencies therefore must fall within the second or the third class. For correction of those within the last, adequate procedure exists. It is set forth fully in Moder v. United States, 1932, 61 App.D.C. 300, 62 F.2d 462, certiorari denied, 1933, 288 U.S. 599, 53 S.Ct. 317, 77 L.Ed. 975. Cf. Clawans v. District of Columbia, 1937, 67 App.D.C. 58, 60, 89 F.2d 802, 804. For judicial fraud, that is, deliberate and intentional falsification by the trial justice of the record on appeal, the remedy is by hearing, separately from the merits, on the charge of falsification. Moder v. United States, supra. Intentional and deliberate falsification includes deliberate refusal to certify a true record as well as actual certification of a false one. Ibid. Such separate hearing will be granted on application of the appellant or by the court on its own motion when a charge so serious is made in the briefs. Ibid. But it must appear clearly that such a charge is intended. The possible consequences of making it falsely, to the attorney or litigant who does so, are too serious for it to be assumed or inferred that it is intended. Cf. Duke v. Committee on Grievances of the Supreme Court of the District of Columbia, 1936, 65 App.D.C. 284, 82 F.2d 890, certiorari denied, 1936, 298 U.S. 662, 56 S.Ct. 751, 80 L.Ed. 1387. The question comes down therefore to whether, from anything which we are entitled to notice, it can be said that appellant intends to charge the trial justice with this species of judicial fraud, or whether she intends to charge merely that there is honest difference of opinion or memory between the court and herself concerning what occurred at the trial.

█ We have examined carefully all statements made by appellant in her purported narrative statement, brief and assignments of error, as well as those contained in her objections to the motion to dismiss the appeal. In none of these have we been able to discover language which would justify an inference, if that were permissible, that appellant means to charge the court with deliberate fraud. The failure of the court to approve appellant's narrative is assigned here as an error, and it is asserted vigorously that it was prejudicial. But it is nowhere charged that it was deliberately dishonest or fraudulent. As an attorney, appellant knows how to make such a charge and how to avoid doing so. On her statements which are before us, we cannot presume or infer that she intended to make it.

The case therefore must be treated as one in which appellant assigns as error the honest refusal of the trial court to accept her version of what transpired at the trial. Such a refusal is neither an accidental error nor judicial fraud. Although the trial court may be mistaken and the consequences may be serious for the appellant, we have no power to take corrective action in such circumstances. The situation is one in which the law must give credence either to the appellant or to the trial court. It is settled that the court's version, in such circumstances, must be accepted as correct. Clawans v. District of Columbia, supra.

Since appellant has had more than ample opportunity to submit a narrative which the trial court will approve and has not done so, the record obviously cannot be perfected. This affords an additional reason for disposing of the appeal at the present time.

We will add that, despite the irregularity of the record, we have considered the various assignments of error and find them without substance, with possibly one exception relating to an occurrence asserted by appellant to have taken place during the stage of the trial when the proceedings were not reported. Since we have no proper record before us relating to this occurrence, we cannot judicially consider it. Nor do we intimate that, if it were before us, we necessarily would find it prejudicial under the circumstances set forth in appellant's own statement concerning it.

Appeal dismissed.