**RECONSTRUCTION FINANCE CORPORATION OF WASHINGTON, D. C., et al. v. HERRING et al.**

No. 9334.

Circuit Court of Appeals, Ninth Circuit.

March 11, 1940.

Rehearing Denied May 7, 1940.

John L. Wheeler, of Los Angeles, Cal., for Reconstruction Finance Corporation and in pro. per.

Leonard Comegys, of Los Angeles, Cal., for Herring, trustee of debtor.

Before GARRECHT, HANEY, and STEPHENS, Circuit Judges.

HANEY, Circuit Judge.

A claim for compensation made by a creditor in a bankruptcy proceeding was disallowed, and the creditor appeals.

Kinner Airplane and Motor Corporation, Ltd., engaged in the manufacture of airplane engines, borrowed $200,000 from the Reconstruction Finance Corporation, hereafter called appellant, as evidenced by a promissory note dated December 14, 1934, due in one year, which provided, among other things: " * * * The undersigned shall pay all expenses of any nature, whether incurred in or out of court, and whether incurred before or after this note shall become due at its maturity date or otherwise, including but not limited to reasonable attorney's fees and costs, which the Payee may deem necessary or proper in connection with the satisfaction of the undersigned's indebtedness to it or the administration, supervision, preservation or protection of or the realization upon all collateral * * *"

As security for the note, the company executed and delivered a chattel mortgage covering most, if not all, the company's assets.

On December 2, 1937, the company filed its petition in the court below for reorganization. On May 13, 1938, the court fixed the time within which claims might be filed as July 12, 1938. On that day appellant filed its claim, there being no statement therein that expenses had been incurred, or a request for allowance of attorney's fees.

On December 10, 1938, the trustee previously appointed, reported an offer to purchase the assets of the company for $200,000 to be free of any liens, claims and obligations. On January 11, 1939, the court below approved the sale and directed its completion. After completion of such sale, and on July 19, 1939, the court below fixed July 24, 1939, as the date within which applications for compensation and allowances might be filed, and on July 26, 1939, ordered a hearing on such applications to be held on August 7, 1939. Appellant did not file an application for allowance of compensation prior to or on July 24, 1939.

On August 4, 1939, the trustee petitioned the court for authority to pay the claim of appellant, and on August 8, 1939, pursuant to an order made that day, the trustee paid appellant in full.

On August 10, 1939, a petition, which we will assume was filed by appellant, was filed, alleging that John L. Wheeler was employed by appellant "for the purpose of collecting the indebtedness then due and owing the" appellant; that his services so rendered "have been at all times in the interest of the Reconstruction Finance Corporation, and such services have been beneficial to the interest of the general creditors"; and that "the reasonable value of

such services rendered by petitioner is the sum of $3,000.00". Appellant prayed "that an allowance be made petitioner in the amount set forth above as a part of the secured claim of Reconstruction Finance Corporation against the within debtor, or, in lieu thereof, as an expense of administration herein".

The court below on August 22, 1939, made an order allowing seven different applications for fees and allowances. . The following allowances were made to attorneys: to attorney for stockholders' committee—$750; to attorney for debtor, in addition to prior allowances—$1,350; to former attorney for creditors' committee—$1,350; to attorneys for creditors' committee—$4,300; to attorney for trustee—$12,000.

The court found that the amount paid appellant was accepted by the latter "in full payment and discharge of its said claim"; and that "none of the services rendered by John L. Wheeler were for the benefit of the debtor's estate or any of the parties interested therein, with the exception of the Reconstruction Finance Corporation". Accordingly, appellant's claim was denied.

■ Appellant contends that the fee was recoverable as a part of its claim, and should have been allowed as such. The trial court found that the amount paid appellant was accepted "in full payment and discharge of its said claim". ·The promise to pay attorneys' fees was fully satisfied or performed. The promise could not support a claim thereafter made by appellant. The discharge relieved the company and its successor of any further liability on account of the promise. The promise did not give the attorney a right to rely on the promise. 11 C.J.S. Bills and Notes, page 277, § 726. Compare: North v. Evans, 1 Cal.App.2d 64, 36 P.2d 133.

■ In this connection appellee moves to enlarge the record by including the note and security surrendered by appellant, satisfactions of the mortgages and release orders directed to a warehouse. Appellant moves to include in the record, if appellee's motion is granted, certain affidavits to ·show that appellant did not intend to discharge the obligation of the company with respect to attorneys' fees. Since there is nothing to show that these matters were considered by the court below, both motions are denied.

■ Appellant further contends that it was an abuse of discretion for the trial court to refuse to allow the claim as an expense of administration. The trial court found that "none of the services rendered by John L. Wheeler were for the benefit of the debtor's estate or any of the parties interested therein, with the exception of" appellant. We think that was a proper ground for disallowance of the claim. In re A. Herz, Inc., 7 Cir., 81 F.2d 511, 512; Teasdale v. Sefton Nat. Fibre Can Co., 8 Cir., 85 F.2d 379, 382, 107 A.L.R. 531.

■ Finally, it is contended that the finding that appellant accepted the amount paid in full payment and discharge of its claim, and the finding that Wheeler's services benefited no one except appellant, are not supported by the evidence. In this connection we have a peculiar situation. Pursuant to § 250 of the Chandler Act, 11 U.S. C.A. § 650, (Act of June 22, 1938) this appeal is required to "be summarily heard upon the original papers". Accordingly, a voluminous record of original papers has been filed here, but there is no evidence therein bearing on the challenged findings. A reporter's transcript contains evidence, heard prior to the finding of appellant's claim, regarding other claims for compensation. Such transcript shows that on the day appellant's claim was filed, Wheeler argued to the court, but the record does not show that there was any evidence introduced bearing on the questioned findings.

We are thus in the position that there is no evidence before us, and there is nothing to indicate that there was or was not evidence before the court below. Under these circumstances we must treat the findings as presumptively correct, and since there is no evidence before us overcoming such presumption, the order must be affirmed. Cooper v. Dasher, 290 U.S. 106, 108, 54 S. Ct. 6, 78 L.Ed. 203; Kelly v. United States, 9 Cir., 83 F.2d 783, 784, reversed on other grounds, 300 U.S. 50, 57 S.Ct. 335, 81 L. Ed. 507; Bank of Eureka v. Partington, 9 Cir., 91 F.2d 587, 590. See, also, Hardt v. Kirkpatrick, 9 Cir., 91 F.2d 875, 878.

Affirmed.