**Bernadine LILLYCROP et al., Appellants,**

v.

**Joseph KINSKY et al., Appellees.**

**No. 16625.**

United States Court of Appeals District of Columbia Circuit.

Argued Feb. 14, 1962.

Decided March 1, 1962.

Mr. Mark P. Friedlander, Washington, D. C., with whom Messrs. Mark P. Friedlander, Jr., and Blaine P. Friedlander, Washington, D. C., were on the brief, for appellants.

Mr. J. E. Bindeman, Washington, D. C., with whom Mr. Leonard W. Burka, Washington, D. C., was on the brief, for appellees.

Before PHILLIPS, Senior United States Circuit Judge for the Tenth Circuit*, DANAHER and BASTIAN, Circuit Judge.

PER CURIAM.

This is an appeal from a jury verdict and judgment of the District Court in a suit involving title to real property. The case was originally filed in the Municipal Court but, following plea of title, was certified to the United States District Court for the District of Columbia.

On this appeal, it is claimed by appellants [defendants in the trial court] (1) that error was committed in permitting counsel for one Berens, a third party defendant who is not a party to this appeal, to read from pleadings filed in the case; (2) improper summation on behalf of counsel for Berens;[1] and (3) that the

---

* Sitting by designation pursuant to Sec. 294 (d), Title 28 U.S.Code.

1. It might be noted that no complaint is made of actions of counsel for the appellees [plaintiffs] Kinsky.

court, in the presence of the jury, stated that appellants would have the right to reply to certain alleged improper remarks to the jury, and then denied appellants that right out of the presence of the jury.

No motions were made to strike the alleged readings or remarks, nor were motions for mistrial on that account made during the course of the trial. Assuming *arguendo* that the actions of Berens' attorney were improper, it is now too late to complain, and we do not believe there was error affecting substantial rights in that the court *sua sponte* did not strike the readings and remarks.

So far as the action of the court in denying the right to answer alleged improper remarks is concerned, here again no motion was made, so far as appears in the record, nor does the record indicate that the court was asked to explain his change of position. The court followed the usual course in the matter of argument: Plaintiffs opened, counsel for defendants followed, the third party defendant argued next, and plaintiffs closed. At any rate, the ruling of a trial court on the question as to who should open and close is usually not reversible on appeal. Snow v. Snow, 50 App.D.C. 242, 270 F. 364 (1921).

We add a few words regarding a situation which continually arises before us and which is graphically illustrated by the present case. Counsel frequently ask for and receive chamber conferences with the judge, of which no stenographic record is made. When the case comes before us we have no way of knowing what agreement was made, as transcripts in this court only too often disclose. It is only fair to counsel to say that, when there is later disagreement or challenge concerning what was done or said, we can take no note of any "agreements" not reduced to writing or not included in the stenographic record.

Affirmed.