366 So.2d 873 (1979)
Mary Frances BAKER, Appellant,
v.
Lawrence James BAKER, Appellee.
No. 78-1019.
District Court of Appeal of Florida, Fourth District.
January 31, 1979.
David R. Schwartz, West Palm Beach, for appellant.
No appearance for appellee.
RIVKIND, LEONARD, Associate Judge.
This is an appeal from a final judgment of dissolution of marriage. The sole relief requested by appellant in the trial court, in the suit for dissolution commenced by appellee, was visitation rights concerning their twelve year old daughter. The final judgment is silent concerning visitation. The failure to provide for visitation is the sole error claimed on appeal. Apparently no report of the proceedings was made and appellant thereafter filed a "proposed statement of facts" mailing a copy to counsel who was then representing appellee. No objection or amendment was filed by appellee. However, it does not appear from the record that the statement was ever submitted to the trial court for approval. See Rule 9.200(b)(3) Fla.R.App.P. Ergo, it cannot be considered. Visitation rights concerning minor children should not be denied either parent so long as he or she conducts himself or herself, while in the presence of such children, in a manner which will not adversely affect their morals or welfare. Yandell v. Yandell, 39 So.2d 554 (Fla. 1949).
The final judgment should specifically provide when visitation rights are granted or denied. When visitation rights are denied it would assist this court upon review of such denial if the trial judge would set forth the basis for his ruling. We remand this case to the trial judge so that the final judgment may be amended to *874 grant or deny visitation rights to appellant. The amended judgment would be subject to appeal.
REMANDED.
DAUKSCH and LETTS, JJ., concur.