Billy Edward BAKER,
Petitioner-Appellant,

v.

W.J. ESTELLE, Jr., Director, Texas
Department of Corrections,
Respondent-Appellee.

No. 82–2318.

United States Court of Appeals,
Fifth Circuit.

Aug. 1, 1983.

---

Richard W. Rogers, III, Corpus Christi, for petitioner-appellant.

Brenda K. Smith, Asst. Atty. Gen., Austin, Tex., for respondent-appellee.

Before INGRAHAM, WILLIAMS and HIGGINBOTHAM, Circuit Judges.

PER CURIAM:

Billy Edward Baker was charged with the 1978 shooting of Dewey Tucker in Aransas Pass, Texas. In October 1978, Baker was found guilty of murder, but the jury was unable to reach a verdict on punishment and the trial court judge declared a mistrial without objection. In March 1979, Baker was again found guilty of murder and was sentenced to fifteen years imprisonment. Although no direct appeal was taken, the Texas Court of Criminal Appeals upheld the validity of the conviction in a state writ proceeding, in which it denied relief without a written order. Baker filed a federal habeas corpus petition that raised three grounds, two of which were before the state court: (1) the evidence was insufficient to convict petitioner in the first trial and thus the second trial subjected him to double jeopardy, and (2) the declaration of a mistrial by the trial court subjected petitioner to double jeopardy. His court-appointed counsel added a third ground to this petition: the jury instruction authorized a murder conviction on a theory not alleged in the indictment. Baker now appeals the denial of his habeas corpus petition. Concluding that Baker was not subjected to double jeopardy and that he has abandoned his third claim, we affirm the district court's denial of habeas corpus relief.

 It is evident from Baker's brief that he does not press the third claim on this appeal and consequently we deem it abandoned. *Davis v. Maggio,* 706 F.2d 568, 571 (5th Cir.1983); *Red v. Blackburn,* 636 F.2d 1027, 1028 (5th Cir.1981). With respect to petitioner's double jeopardy claims, the state contends on appeal that petitioner is barred from collaterally attacking his conviction. The state asserts that in Texas, the defendant is required to raise the dou-

ble jeopardy claim prior to retrial. *See Shaffer v. State,* 477 S.W.2d 873 (Tex.Cr. App.1971); Texas Code of Criminal Procedure Annotated art. 27.05 (West Supp.1983). Since Baker failed to raise a timely objection in the state proceeding, the state argues that he is barred from federal habeas corpus relief, absent a showing of cause and actual prejudice. *See Wainwright v. Sykes,* 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977). Nevertheless, this argument is raised for the first time on appeal. Since there is no evidence that either the state court or the district court denied the petition on the procedural ground, we refuse to consider it on review. *See Henry v. Wainwright,* 686 F.2d 311, 314 & n. 4 (5th Cir. 1982). Accordingly, we turn to the merits of petitioner's double jeopardy claims.

■ Baker contends that there was insufficient evidence as a matter of law to support a guilty verdict and that the subsequent retrial violated the double jeopardy clause. *See Burks v. United States,* 437 U.S. 1, 98 S.Ct. 2141, 57 L.Ed.2d 1 (1978). Since the state was unable to produce a statement of facts, which is ordinarily indispensable for habeas review, *see Townsend v. Sain,* 372 U.S. 293, 319, 83 S.Ct. 745, 760, 9 L.Ed.2d 770 (1963), Baker argues that the sufficiency of evidence issue should be resolved in his favor. Under the circumstances of the case, we are not persuaded.

When an applicant grounds his habeas corpus petition on insufficiency of evidence, the applicant has the initial burden of producing the part of the record pertinent to making that determination. 28 U.S.C. § 2254(e). Baker neither produced the pertinent portion nor explained his inability to do so. Nevertheless, pursuant to § 2254(e), the magistrate ordered the state to produce the record. Although the state contacted the reporter to obtain a transcription, the reporter subsequently moved and left no forwarding address. Neither the state nor petitioner were able to produce the state-

ment of facts. To reconstruct the evidence adduced at the first trial, the magistrate held a hearing similar to a Federal Rule of Appellate Procedure 10(c) hearing.[1] Although the state attempted to recreate the evidence through the submission of an affidavit by the district attorney that prosecuted Baker at both trials and the witnesses' statements, Baker neither objected to nor offered any proposed amendments for the statement of evidence. Since we find no deleterious or improper conduct on the part of the state, but rather an effort to reproduce the evidence when the statement of facts became unavailable, we will not penalize the state for its inability to provide the statement of facts. *Cf. Pruitt v. Hutto,* 574 F.2d 956 (8th Cir.), *cert. denied,* 439 U.S. 870, 99 S.Ct. 201, 58 L.Ed.2d 870 (1978) (transcript lost or destroyed). Accordingly, we review the reconstructed evidence to determine if the evidence at the first trial was insufficient as a matter of law.

■ In a challenge of insufficiency, we review the evidence in a light most favorable to the government to determine if a rational factfinder could have found petitioner guilty beyond a reasonable doubt. *Jackson v. Virginia,* 443 U.S. 307, 324, 99 S.Ct. 2781, 2791, 61 L.Ed.2d 560 (1979). In his affidavit, the district attorney stated: "The testimony adduced in both trials was substantially the same from all witnesses, also being substantially the same as that reflected in the attached statements. Additionally, defendant Baker testified in both trials, claiming self-defense as his reason for shooting the victim." The witnesses' statements indicate that Baker was drunk at the City Lounge when Dewey Tucker pushed him away from the table, causing Baker to fall; that Baker left the lounge and returned in about ten minutes; that when he was refused service, he stood, pulled a pistol from his pocket, and started shooting at Dewey; and that when ques-

---

1. Federal Rule of Appellate Procedure 10(c) provides in part:

 [I]f a transcript is unavailable, the appellant may prepare a statement of the evidence or proceedings from the best available means, including his recollection. The statement shall be served on appellee, who may serve objections or proposed amendments thereto within 10 days after service.

tioned by the police about the shooting, Baker said "Yea, I shot him." In light of the consistency of the witnesses' statements and Baker's assertion of self-defense, a defense that attempts to justify the wrongful conduct, we are convinced that a rational factfinder could have found Baker guilty beyond a reasonable doubt.

■ Baker's second claim is that the trial court abused its discretion by declaring a premature mistrial, thereby subjecting him to double jeopardy. This claim is without merit. Absence judicial or prosecutorial overreaching, a defendant's consent to mistrial does not bar reprosecution. *United States v. Garza,* 674 F.2d 396, 399 (5th Cir.), *cert. denied,* —— U.S. ——, 103 S.Ct. 121, 74 L.Ed.2d 105 (1982); *Cherry v. Director, State Board of Corrections,* 635 F.2d 414, 417 (5th Cir.) (en banc), *cert. denied,* 454 U.S. 840, 102 S.Ct. 150, 70 L.Ed.2d 124 (1981). Moreover, when a mistrial has been declared without defendant's consent, reprosecution is not barred when there is a manifest necessity for the mistrial. *United States v. Dinitz,* 424 U.S. 600, 606–07, 96 S.Ct. 1075, 1078–79, 47 L.Ed.2d 267 (1976). After returning a guilty verdict at the guilt stage of the first trial, the jury was deadlocked on the punishment phase. The magistrate found that "the jury was given ample time to deliberate on punishment," that defendant was given adequate opportunity to object to the mistrial, and that petitioner's counsel responded with "No objection," to the court's declaration of a mistrial. On appeal, Baker does not challenge the correctness of these findings; neither do we. Further, the inability of the jury to agree on a punishment after finding defendant guilty under Texas' bifurcated trial system constitutes a manifest necessity for granting a mistrial. Consequently, we do not find that the trial court abused its discretion in granting the mistrial.

The denial of petitioner's habeas corpus petition is therefore AFFIRMED.