**William James FEASTER, Appellant (Plaintiff),**

v.

**Susan Rene FEASTER, Appellee (Defendant).**

No. 85–261.

Supreme Court of Wyoming.

July 9, 1986.

Julie Nye Tiedeken, of Southeast Wyoming Law Offices of Rodger McDaniel, Cheyenne, for appellant (plaintiff).

Mark J. Murphy, of Shoumaker & Murphy, Sheridan, submitted on brief on behalf of appellee (defendant).

Before THOMAS, C.J., and BROWN, CARDINE, URBIGKIT and MACY, JJ.

CARDINE, Justice.

This case involved an action to modify the child custody provisions of a divorce decree. In their original settlement, which the court incorporated into the decree, appellant William Feaster and appellee Susan Feaster agreed that Mr. Feaster should have custody of their daughter, Elissa. Mrs. Feaster received visitation rights. A year and a half later, Mrs. Feaster, who had remarried and changed her name to Susan Ferguson, filed a petition for modification in which she requested sole custody of Elissa. We will refer to appellee as Mrs. Ferguson in the remainder of this opinion.

After a hearing, the court determined that there was a change of circumstances; but, instead of granting Mrs. Ferguson's petition, the court ordered joint custody. On appeal Mr. Feaster claims that the court abused its discretion when it found a substantial change of circumstances and when it ordered joint custody without the consent of both parties.

## CHANGE OF CIRCUMSTANCES

A district court's modification decision will be reversed only if the court abused its discretion. *Lewis v. Lewis*, Wyo., 716 P.2d 347 (1986).

"'A court does not abuse its discretion unless it acts in a manner which exceeds the bounds of reason under the circumstances. In determining whether there has been an abuse of discretion, the ultimate issue is whether or not the court could reasonably conclude as it did. *** '

"An abuse of discretion is that which shocks the conscience of the court and appears so unfair and inequitable that a reasonable person could not abide it. The decision of the trial judge will not be reversed unless there is a firm conviction that a clear error of judgment was com-

mitted." (Citations omitted.) *Waldrop v. Weaver*, Wyo., 702 P.2d 1291, 1293 (1985) (quoting *Martinez v. State*, Wyo., 611 P.2d 831, 838 (1980)).

Mr. Feaster alleges that the "trial court could not reasonably conclude that there had been a material change of circumstances that would justify taking Elissa from [his] custody." He claims that there was no testimony "that Elissa's living situation had deteriorated or become worse since the time of the divorce" or that her "well-being and emotional stability had * * * substantially changed."

To accept Mr. Feaster's argument and hold that the trial court abused its discretion, we must review all of the proceedings at which the court heard evidence of changed circumstances. Without a review of all relevant proceedings, we would have to assume that the district court heard evidence from which it could find a change. See *Sharp v. Sharp*, Wyo., 671 P.2d 317, 318 (1983) (and cases cited therein).

The responsibility for presenting a sufficient record fell on Mr. Feaster. "'It is properly an appellant's burden to bring to us a complete record on which to base a decision.'" *Matter of Estate of Manning*, Wyo., 646 P.2d 175, 176 (1982) (quoting *Scherling v. Kilgore*, Wyo., 599 P.2d 1352, 1357 (1979)); see also *Salt River Enterprises, Inc. v. Heiner*, Wyo., 663 P.2d 518, 520 (1983).

"If an appellant intends to urge on appeal that a finding or conclusion is unsupported by the evidence * * * he shall include in the record a transcript of all evidence relevant to such finding or conclusion." Rule 4.02, W.R.A.P. (Cum. Supp.1985).

The district court held two modification hearings—one on July 3 and another on September 16, 1985. Both hearings centered on the change-of-circumstances issue, and it is clear that some evidence on that issue was presented at each hearing.[1] Nei-

1. Although we have no transcript or approved statement of the July 3 hearing, it is clear from the district court's "Statement of Conclusions and Proceedings" that most, if not all, of the

ther party requested a court reporter for the July 3 hearing, and consequently there is no transcript of testimony.

■ Mr. Feaster attempted to correct the deficiency by submitting a statement of the proceedings to the district court as permitted by Rule 4.03, W.R.A.P., which states:

"If no report of the evidence or proceedings at a hearing or trial was made, or if a transcript is unavailable, the appellant may prepare a statement of the evidence or proceedings from the best available means, including his recollection. The statement shall be served on the appellee, who may serve objections or propose amendments thereto within ten (10) days after service. Thereupon the statement and any objections or proposed amendments shall be submitted to the district court for settlement and approval *and as settled and approved* shall be included by the clerk of the district court in the record on appeal." ' (Emphasis added.)

Mrs. Ferguson objected to appellant's proposed statement on the grounds that it was "inaccurate and incomplete." The court refused approval, and in its "Statement of Conclusions and Proceedings" stated:

"The Court feels constrained to [neither] accept [nor] reject either the Plaintiff's or Defendant's Statement of Evidence and Proceedings inasmuch as the Court has very limited independent recollection of the testimony of the various witnesses inasmuch as several similar cases have been heard by the Court both before and since the time of this trial and it is hard for the Court to sort out all of those cases and recall specific testimony in any one after the fact.

\* \* \* \* \* \*

"The Court does recall its conclusion from all of the testimony that the Defendant at the time of the divorce felt that due to her circumstances that her daughter would be better cared for and supported by the Plaintiff. It was the Court's conclusion from the testimony

evidence at that hearing involved the change-of-

that at the time of the divorce the Plaintiff's situation was more stable due to his life style and ability to generate an income. The Court's recollection of the testimony is that all of that changed. At the present time the Defendant's circumstances and life style are much more stable and Plaintiff's situation is now unstable and income very limited. The Court concluded based upon the testimony that it heard that there had been a material change of circumstances since the time of the divorce and that Elissa's best interests would be served by placing her with her mother at this time."

Rule 4.03, W.R.A.P., clearly implies that a statement becomes part of the record only to the extent that it is settled and approved by the court. If a court states that it cannot recall the true facts from a proceeding, then the statement has not, and cannot, be approved or settled. In *Maynard v. Maynard*, Wyo., 585 P.2d 1201, 1202 (1978), we stated:

"Because the trial court did not approve or settle this portion of the statement as it refers to the evidence question, it is therefore no part of the record and cannot be accepted as such. It was not error for the judge to fail to settle the record insofar as he did not remember the matters suggested, and the judge's statement that he has no such recollection is conclusive." (Citations omitted.)

■ Mr. Feaster's attempt to settle the record was unsuccessful, and we have no way of knowing what evidence was actually presented to the district court at the July 3 hearing. Without either a transcript or an approved statement of the hearing we cannot assume that the court's findings were unsupported. We cannot find an abuse of discretion.

### JOINT CUSTODY

In its modification order the district court decreed "that the child shall be placed in the *joint custody* of both parties." (Emphasis added.) The court then

circumstances issue.

set forth a very detailed plan by which the actual physical custody of Elissa would be divided. After an eleven-month period, during which the parties would alternate custody three times, Elissa would be placed in Mrs. Ferguson's custody during the school year and in Mr. Feaster's custody during the summer.

Mr. Feaster contends that the district court abused its discretion when it granted joint custody without the approval of the parties. According to Mr. Feaster, joint custody depends on the cooperation of the parties and should not be imposed unless the parties demonstrate their cooperative spirit by agreeing to such a plan. He presumes that the court used the phrase "joint custody" to mean an arrangement in which the parties make shared decisions on matters affecting the child's welfare.

██ We are not sure whether the court order provided for joint custody as Mr. Feaster defines that term or instead provided split custody which is relatively common when the parties will reside in different towns, as here. In either case, we cannot say that the district court necessarily abused its discretion. Although divided child custody is disfavored, there are some circumstances in which a district court can order such custody in its discretion. And, of all the joint custody arrangements, the one ordered in this case is the most likely to withstand appellate review. In *Ayling v. Ayling,* Wyo., 661 P.2d 1054, 1055 n. 3 (1983), we stated:

> "As a general rule, divided child custody arrangements are not favored absent a good reason therefor, but they are often upheld on appeal when the division places the child with one parent during the school year and with the other parent during summer vacations. See Annotation: 'Split,' 'divided' or 'alternate' custody of children, 92 A.L.R.2d 695 (1963)."

We do not know what evidence was before the district court at the July 3 hearing; so

we, therefore, cannot say that there was an abuse of discretion.

Affirmed.

URBIGKIT, Justice, dissenting.

Recognizing the validity of the court's concern about the lack of a proper record, it is with reluctance that the facts (as available) and the pleading status of this custody controversy must be additionally addressed.

More to be emphasized than anything else to be discussed, is the lesson for Wyoming attorneys: clients do not arrange for court reporters; that obligation falls within the responsibility of the practice of law.

In consideration of the proliferation, if not the explosion, of divorce-modification cases now appearing in the courts of this state, a major risk exists in any contested hearing where a court reporter is not engaged.

It is apparent that an agreement today may be a strongly pursued disagreement tomorrow. Alimony, custody and child-support decisions can be modified and the comparison record should be established anticipatorily.[1] In divorce cases, it is not necessarily today but tomorrow that may be catastrophic to the client and the attorney.

This case personifies many of the current litigious proclivities of our society, particularly in domestic-relations conflicts. Disregarding, as I must, appellant's statements of evidence and proceedings, at least to the extent as to the facts stated or denied, because of nonconcurrence by either opposing counsel or the court, I would find the following established.

A divorce action was filed by appellant, William Feaster, against Susan Feaster, now Susan Ferguson, on October 24, 1983. Elissa, then nearly four years of age, is the parties' child and is the subject of the custody decision. Susan Ferguson was generally unrepresented in the divorce process and did not contest; service of process was waived and comprehensive agreements for

---

1. A sage senior Wyoming attorney once said that if you have the time to go to court then you have the responsibility to have a court reporter present to listen.

custody and visitation, one dated and filed November 2, 1983, and a second for property settlement dated and filed January 5, 1984, were executed.

Pursuant to those agreements, the divorce was heard on the waived appearance of the mother, on January 12, 1984, and a decree entered in favor of the father, providing for custody, visitation and property settlement. Custody was granted to the father, and (incidentally in accord with the agreement) the mother's maiden name was restored, even though Elissa had been born during the marriage.

Having accepted paternal custody in the divorce negotiation, Susan Ferguson, on June 6, 1985, approximately 17 months after entry of the decree, filed a motion for change of custody. She had remarried in May, 1984, and a second child was born on November 18, 1984. The basis of the petition to modify was that

" * * * the circumstances of the parties have changed so that it would be in the best interests of the child to be placed in the custody of the mother."

A hearing was held on the motion to modify on July 3, 1985, and an order was entered modifying the original decree and affording a summer custody arrangement to Susan Ferguson with reciprocal visitation for the period for William Feaster, and:

"The Court further finds that a social summary should be prepared by the Sheridan County DEPASS [Division of Public Assistance and Social Services]. Copies to be furnished to the parties, such social summary to advise the Court of the living conditions of both the plaintiff and the defendant, the parenting skills of both parties, and all other matters pertaining to the best interest and well being of the minor child and that such report be furnished to the Court as soon as it is completed.

"D. The Court holds in abeyance its determination of whether or not additional modifications as to custody and visitation should be made pending the review of the social summary by the Court. If after such review the Court feels that further revision should be made, notice will be given to the parties and a further hearing shall be had on the matter."

As appropriately recognized in the majority decision, unfortunately neither attorney then representing the litigants requested a court reporter to provide a record of that hearing.

On September 16 the recessed hearing was reconvened for a two-hour session at which the mother, father and a third witness (the DPASS representative who conducted the social survey) testified, and the DPASS report was introduced into evidence. The only witness who had testified in July and not in September was Cindy Hopkins, from the preschool where the child had been placed for attendance by the father. This hearing was reported. Practically speaking, no factual change between July and September is suggested by either party.

After the second hearing, a letter opinion and order were entered modifying the divorce decree. Upon finding a change of circumstances, the court revoked the primary custody awarded to William Feaster, found both parents to be fit and proper parents, enumerated a joint-custody arrangement, and reversed exactly the July order of custody for the father during the school year and the mother during the summer by granting custody to the mother during the school year and to the father during the summer.

The custody arrangement, by stated provision, is subject to reconsideration if the father discontinues his present educational pursuit which is planned to continue in Sheridan until the Fall of 1986 at Sheridan College and then in Laramie at the University of Wyoming commencing in September, 1986, until a degree in veterinary medicine is achieved.

William Feaster filed a notice of appeal pro se, after which present counsel entered an appearance in an attempt to settle the record pursuant to Rule 4.03, W.R.A.P., and to pursue the briefing process for presentation to this court.

A comprehensive statement was served in behalf of William Feaster on counsel for Susan Ferguson, which resulted in objections and proposed amendments filed by the mother, and a further response by the father of comments to defendant's objection and proposed amendments to the statement of evidence and proceedings submitted by the plaintiff.

The three documents were taken under consideration by the trial court, and we would agree with the majority that the trial court

"' * * * feels constrained to either [neither] accept or [nor] reject either the Plaintiff's or Defendant's Statement of Evidence and Proceedings * * *,' "

but the trial judge recalled substantively his conclusion that with the present situation a change of circumstance had occurred and the child's best interest would be served by placement with her mother.

The trial court further noted in its Statement of Conclusions and Proceedings:

"The Court would note that the Court Reporter was available on the date of this trial, but neither party requested that the proceedings be transcribed."

First concern arises with this appellate decision that if through misadventure no verbatim record is available, upon partial agreement and disagreement of counsel for litigants, under Rule 4.03, and unless the court can recall the specific facts sufficiently to realistically resolve the collective differences, no appellate record will be established. The effect of some adequate appeal record is unquestionable. *Scherling v. Kilgore,* Wyo., 599 P.2d 1352 (1979).

Restated, the issue is whether the result produces no record or whether the result only produces no record on disputed facts. I would submit that the latter should apply.

The result in this case starkly demonstrates the significance of this subject matter.

The normal appellate rule of considering only the evidence of the appellee and disregarding the evidence of the appellant[2] can fruitfully be applied by analogy to this situation.

Application of this standard would afford a record of facts admitted by the parties or contended by appellee against which the decision of the trial court in modifying the decree could be weighed. When the standard is applied that the facts admitted by the parties and the additional statements of appellee are considered to be true, there is an appellate record.

In this case, however, the assumption of the majority will allow indeterminate facts not suggested by anyone, and consequently the decision of the trial court is accepted whether or not either party provided evidence for support. This contemplates affirmation on a conjectural assumption of that indefinite something.

I would conclude that where the complete record is not available and the parties do not agree to the settlement of the record, the following logical result should be applied as an issue and not a document result.[3]

1. If appellee does not respond after proper service under Rule 4.03, W.R. A.P., the statement of facts or events is admitted, providing submission to the court is made for settlement at his election for correction.

2. If the appellee does respond by denial or affirmative contention, questions of dispute should be settled by the trial court.

---

**2.** See extended list of citations of the appellate standard, 1 West's Wyoming Digest Key 1011 at 402–405, and id., appendix at 110–111.

**3.** Constitutional questions for the missing-record questions that may additionally exist in criminal cases are not separately considered. See *United States v. Smaldone,* 583 F.2d 1129 (10th Cir.1978), cert. denied 439 U.S. 1073, 99

S.Ct. 846, 59 L.Ed.2d 40; and cert. denied in *Foderado v. United States,* 439 U.S. 1119, 99 S.Ct. 1029, 59 L.Ed.2d 80 (1979); *United States v. Garner,* 581 F.2d 481 (5th Cir.1978); *Cole v. United States,* D.C.App., 478 A.2d 277 (1984); *State v. De Leon,* 127 Wis.2d 74, 377 N.W.2d 635 (1985). See also *State v. Perry,* 128 Wis.2d 297, 381 N.W.2d 609 (1985).

3. If the trial court does not or cannot settle the dispute, agreed facts and affirmative allegations of facts by appellee are accepted for appellate consideration as true, and all disputed facts are disregarded as unsupported by either party.

4. Consequently, where the court does not or will not settle the record, the admitted facts and affirmative allegations of appellee constitute a record for appeal consideration.

5. Additional facts admitted by the briefs of the parties filed in this court also may but not necessarily will constitute a basis of fact upon which the decision of this court could be premised.

Surprisingly, there is little case law on the subject of Rule 4.03, W.R.A.P. (Rule 10(c), F.R.A.P.) and essentially none that finitely addresses the specific approach considered here.

*Maynard v. Maynard,* Wyo., 585 P.2d 1201 (1978), is not contrary. That case was remanded for record supplementation since a transcript was not available. Appellant filed a motion for settlement of record in the trial court, and appellee promptly filed a resistance. The trial court, lacking recollection, considered the issue raised of an evidentiary motion addressed by appellant to have been denied. Obviously, without a record, admission-of-evidence questions could not be considered by this court on appeal.

In *Sharp v. Sharp,* Wyo., 671 P.2d 317 (1983); *Matter of Parental Rights of SCN,* Wyo., 659 P.2d 568 (1983); *Lapp v. City of Worland,* Wyo., 612 P.2d 868 (1980); *Petersen v. State,* Wyo., 594 P.2d 978 (1979); and *Minnehoma Financial Co. v. Pauli,* Wyo., 565 P.2d 835 (1977), there was no Rule 4.03 effort made by appellant. See also *Matter of Estate of Manning,* Wyo., 646 P.2d 175 (1982); *Cole v. United States,* D.C.App., 478 A.2d 277 (1984); *United States v. Dunham Concrete Products, Inc.,* 475 F.2d 1241 (5th Cir.1973), reh. denied 477 F.2d 596, cert. denied 414 U.S. 832, 94 S.Ct. 65, 38 L.Ed.2d 66 (1973), and cases cited therein; *Carson Ready Mix, Inc. v.*

*First National Bank of Nevada,* 97 Nev. 474, 635 P.2d 276 (1981).

The other specifically involved Wyoming case, *Jackson v. State,* Wyo., 624 P.2d 751 (1981), included a preliminary Rule 4.03 effort with no submission to the trial court. The instrument was consequently stricken by this court for failure of appellant to comply with the rule condition. See *Baker v. Baker,* Fla.App., 366 So.2d 873 (1979).

No question is raised with regard to the principle of general Wyoming law that error must be preserved by a supporting record. *Scherling v. Kilgore,* supra; *Matter of Estate of Reed,* Wyo., 566 P.2d 587 (1977); *Kelly v. United States,* 300 U.S. 50, 57 S.Ct. 335, 81 L.Ed. 507 (1937); *Clawans v. White,* 71 App.D.C. 362, 112 F.2d 189 (D.C.Cir.), cert. denied 311 U.S. 646, 61 S.Ct. 16, 85 L.Ed. 412 (1940).

" 'In the absence of [a record] we indulge the presumption that the evidence supports the judgment and warrants its affirmance.' " *Kelly v. United States,* supra, 300 U.S. at 54, 57 S.Ct. at 337.

What is involved here is the attempted use of Rule 4.03, with partial rejection by appellee and the inability of the trial court to recollectively settle those matters in conflict between the parties. Obviously, also, what the trial court does reject as facts in any submission under the rule is excluded as trial evidence. *Cox v. General Electric Co.,* 302 F.2d 389 (6th Cir.1962); *Camps v. New York City Transit Authority,* 261 F.2d 320 (2d Cir.1958); *Hawkins v. Missouri Pacific R.R.,* 188 F.2d 348 (8th Cir.1951); *Graham v. Carr,* 112 F.2d 908 (9th Cir. 1940); *Joiner v. Illuminating Co.,* 9 Ohio Op.3d 340, 55 Ohio App.2d 187, 380 N.E.2d 361 (1978). For the effect of approval or use, see *Zahorik v. Cornell University,* 729 F.2d 85 (2d Cir.1984); *Baker v. Estelle,* 711 F.2d 44 (5th Cir.1983), cert. denied in *Baker v. McKaskle,* 464 U.S. 1048, 104 S.Ct. 724, 79 L.Ed.2d 185 (1984); *Brody v. President & Fellows of Harvard College,* 664 F.2d 10 (1st Cir.1981), cert. denied 455 U.S. 1027, 102 S.Ct. 1731, 72 L.Ed.2d 148 (1982).

Surprisingly, no case was found which considered whether only the denied (by appellee) or rejected (by the court) evidence is discarded or whether the entire document, which included admitted facts not rejected or denied, is proscribed and rejected.[4]

Moore states:

" * * * If the district court approves a statement as thus determined upon, the statement is to be included as a part of the record on appeal. Indeed, even if the district court fails to approve the statement, it becomes part of the record, together with any supporting papers and any objections and amendments offered by the appellee, under the original papers rule, but only for the limited purpose of showing what occurred below. Unless a Rule 10(c) statement is approved by the district court, the court of appeals will not consider matters set forth in the statement, absent a showing of misconduct on the part of the district judge in refusing to approve the statement." 9 Moore's Federal Practice ¶ 210.06[2].

Authority for the latter contentions made by Moore are the cases of *United States v. Chesapeake and Ohio Railway Co.*, 281 F.2d 698 (4th Cir.1960); *Hawkins v. Missouri Pacific R.R.*, supra; and *Clawans v. White*, supra. None of these three citations relates to the circumstance where the litigants partially agreed and partially disagreed and the judge lacked recollective capacity to resolve the disagreement. *Cox v. General Electric Co.*, supra; *Lillycrop v. Kinsky*, 112 App.D.C. 144, 3C0 F.2d 736 (D.C.Cir.1962). Other cited authorities on the general principles involving Rule 10(c), F.R.A.P. also do not address this situation. A rule is assumed that is not addressed by supporting case citation. See 4B Bender's Federal Practice Forms AR10–15.

Lacking cogent authority to the contrary, this court should do what is reasonable, fair and directed toward applications of rules to achieve reasonable justice. Rule 1, W.R.C.P., should be applied to all adopted rules of procedure:

" * * * They shall be construed to secure the just, speedy and inexpensive determination of every action."

Consequently, I would find a record in this case derived from admitted facts and the second-hearing recorded testimony (see however, *United States v. Renton*, 700 F.2d 154 (5th Cir.1983); *Cole v. United States*, supra; *State v. De Leon*, 127 Wis.2d 74, 377 N.W.2d 635 (1985)):

1. The mother remarried within six months of the divorce, had a child within eleven months of the divorce, and now has a stable household, is not working, and desires changed custody contrary to the pre-divorce settlement agreement.

2. The father is attending school, has sufficient funds to support himself and the child.

3. The change of circumstance for the mother is remarriage and a stable, well-funded home relationship with her present husband. The change of circumstance for the father is educational pursuit although retaining adequate resources for education and support during the period of college attendance.

It should also be recognized that the appealed order of the trial court, however designated, did not in final analysis really create joint custody.

" * * * 'Joint custody' as currently effectuated is a misnomer and could be described as sole custody with liberal visitation, access, and parenting rights—an arrangement my office has set up for years." Golden, *Contested Custody, Oversimplification is Public Enemy Number 1*, Trial, June 1986, at 28, 31.

See *Nation v. Nation*, Wyo., 715 P.2d 198 (1986). See also *Butcher v. Butcher*, Wyo., 363 P.2d 923 (1961).

Joint custody contemplates day-to-day concurrent responsibility. Also to be recognized is that the summer arrangement first provided for Susan Ferguson and now provided for William Feaster is not a visitation provision but is a partial custody ar-

---

**4.** An obvious difficulty in research is that few states (including Wyoming) use the federal ap- pellate rules numbering system, as is more cur- rently done with the rules of civil procedure.

rangement for the nonschool period. 24 Am.Jur.2d, Divorce and Separation § 990, p. 983. See *Nation v. Nation*, supra; *Commonwealth ex rel. McDonald v. Smith*, 170 Pa.Super. 254, 85 A.2d 686 (1952); Annot., 92 A.L.R.2d 695, 726, "Split," "divided," or "alternate" custody of children.

Essentially, what has occurred is that in the original decree the first trial judge accepted the agreement of the parties in providing for custody for the father and visitation for the mother. The first modification of July, 1985, provided for partial custody for the mother during the summer and retained custody for the father during the school year. The present order from which this appeal now arises grants custody to the mother during the winter and summer custody to the father.

The perceived problem is not the absence of a factual basis for the trial court's discretionary decision. What is occurring in jurisprudence in this state is first that pre-divorce agreements no longer mean anything to the litigants except to buy time for later conflicts, and second that a tendency is developing that stare decisis and the significant change-of-circumstance rules really mean little in applied result.

I would not find an abuse of discretion as a decisional question in regard to custody in this case, but would reverse the change-of-custody order on the basis of the lack of proof of change of circumstance as defined by our prior decisions. The only real fact in this case of changed circumstance is the remarriage of the mother and her consequent improved circumstance versus the continued status of the father. *Johnson v. Johnson*, Wyo., 717 P.2d 335 (1986); *Ayling v. Ayling*, Wyo., 661 P.2d 1054 (1983).

If we are going to reverse prior law and permit or premise change of circumstance on remarriage, then the judicial system should be prepared for a significantly expanded case load of modification motions. Coincidentally, what is fair for the mother should also be available for the remarried father.

I would reverse the changed custody order in recognition of the parties' original agreement and subsequent lack of demonstrated change in circumstance sufficient to justify modification of the original court decree.

