**Dennis Wayne WHITFIELD,
Appellant (Defendant),**

**v.**

**Jo Carole WHITFIELD,
Appellee (Plaintiff).**

**No. 87–264.**

Supreme Court of Wyoming.

June 29, 1988.

Lawrence B. Hartnett, Jackson, for appellant.

W. Keith Goody, and James K. Lubing of Goody and Lubing, Jackson, for appellee.

Before BROWN, C.J., and THOMAS, CARDINE, URBIGKIT, and MACY, JJ.

BROWN, Chief Justice.

This is an appeal from a trial court judgment and order finding appellant Dennis Wayne Whitfield in contempt of court for failing to appear at an Order to Show Cause hearing scheduled for December 22, 1986, and for willful failure to pay child support and alimony. Appellant presents one issue:

> "Did the district court deny the appellant his constitutional right of procedural due process of law by failing to give appellant adequate notice of the issues considered at the August 28, 1987 hearing and a meaningful opportunity to be heard."

We affirm.

This case arose out of a divorce action brought by appellee Jo Carole Whitfield on March 29, 1985. That action went to trial in the Ninth District Court on June 4, 1986, resulting in entry of a divorce decree. The decree provided that appellant would undertake the following actions, now relevant to this appeal: (1) pay $500 child support per month per child for two children for June, July, August and September 1986; (2) pay $1,000 per month per child beginning in October 1986, until each child reaches nineteen years of age, marries or is legally emancipated; (3) pay $10,400 in monthly installments of $500 beginning January 10, 1987, for interim child support and alimony that was past due; (4) and pay $750 per month alimony for a duration of three years beginning October 1, 1986. Appellant did not comply with these orders

in the divorce decree and, on November 12, 1986, appellee filed a motion for appellant to appear and show cause why he should not be held in contempt of court for failure to comply. The trial court issued an Order to Show Cause, as requested, which was filed on November 20, 1986. Personal service of this order took place in California on December 10, 1986. The trial court set a hearing on the order for December 22, 1986, and appellant failed to appear and defend at the scheduled time. In a February 2, 1987, order the trial court found appellant in contempt of court for his failure to comply, and entered judgment against him for past-due child support, alimony and attorney's fees. The trial court also issued a warrant for appellant's arrest at that time. On June 1, 1987, appellee filed a pro se petition for a bench warrant to be issued. The trial court responded by filing an order for a bench warrant on June 10, 1987. The warrant was issued on August 11, 1987, and was served on appellant the same day when he returned to Teton County, Wyoming, with the two children after their visitation time with him ended. He was arrested and held in the county jail.

By August 12, 1987, appellant had hired an attorney and was trying to secure a hearing before the trial court to argue for his release from jail. District Judge Kail was unavailable for such a hearing and authorized Robert B. Brodie, District Court Commissioner for Teton County, to hold the hearing in appellant's case. The hearing took place on August 13, 1987 and was recorded on a Gyyr tape recorder. After presentation of evidence and argument the Commissioner found appellant to be in contempt of court for failing to attend the December 22, 1986, hearing and sentenced him to eighteen days in the county jail or release after posting a $15,000 bond. Appellant posted the bond, was released, and returned to California.

On August 21, 1987, the trial court set another hearing in the matter for August 28, 1987. Appellant filed a Petition for Modification of Child Support and Alimony along with a motion for a continuance of the August 28 hearing, on August 21, 1987. On August 25, 1987, the trial court denied the motion for continuance, and the trial court set a hearing on the petition for October 16, 1987.[1]

At the August 28 hearing, the trial court informed appellant that it would allow presentation of evidence concerning his alleged failure to pay child support and alimony from December 22, 1986, through August 28, 1987. Appellant objected, claiming inadequate notice and a lack of time to prepare a defense on the alimony and support payment issues. The trial court noted the objection and heard evidence on those issues anyway. After the hearing, the trial court held appellant in contempt of court, basing this finding in part on appellant's failure to make alimony and child support payments between December 22, 1986, and August 28, 1987. A Judgment and Order was entered against appellant in the amount of $44,736.96 on October 7, 1987.

Appellant filed a Notice of Appeal to that Judgment and Order on October 19, 1987. Along with this notice, appellant filed a four volume record; he did not, however, designate or file a transcript of the August 13, 1987, hearing before the District Court Commissioner or a transcript of the August 28, 1987, hearing before the trial court. This deficiency in the record on appeal prompted appellee to file a motion in this court to dismiss the appeal under Rules 4.02 and 4.03, Wyoming Rules of Appellate Procedure,[2] on December 3, 1987. Appellant responded on December 10, 1987. On December 23, 1987, this court filed an or-

---

1. Counsel for appellee informed us in oral argument that the Petition for Modification of Child Support and Alimony had been withdrawn before the trial court ruled upon both it and the *Motion for Continuance.* The record before this court does not evidence any withdrawal of the petition.

2. Rule 4.02, Wyoming Rules of Appellate Procedure provides in pertinent part:

"The appellant *shall,* within ten (10) days after filing the notice of appeal, file and serve on the appellee a description of the parts of the transcript which he intends to include in the record, and, unless the entire transcript is to be included, a statement of the issues he intends to present on appeal. If an appellant intends to urge on appeal that a finding or conclusion is unsupported by the evidence or

der denying appellee's motion to dismiss the appeal for failure to designate the record, and remanded the case to the trial court for the limited purpose of supplementing the record on appeal by adding a transcript of the August 13, 1987, hearing before Commissioner Brodie. Appellant complied with this order on March 7, 1988, eighteen days after appellee had filed her brief on appeal. This court was never provided with a transcript of the August 28, 1987, hearing, and we are told no transcript was ever made of those proceedings. Appellant never designated a transcript of that hearing as a part of this record and, apparently, failed to make any effort to create an agreed statement of facts concerning what happened at that hearing pursuant to Rule 4.03, W.R.A.P. This is the status of the case and the record on appeal as it came before this court for oral argument.

Appellant's argument here is that he was prejudiced by an abuse of trial court discretion when the trial court overruled his objection to the scope of the August 28, 1987, hearing. That ruling, we are told, denied appellant due process and unfairly prejudiced his right to defend on the issues of alleged nonpayment of child support and alimony.

The problem with that assertion, however, is that appellant has made no effort to provide this court with an adequate record from which *prejudice based in fact* occurring during the August 28, 1987, contempt hearing can be found. Appellant has the affirmative burden when appealing to this court to prepare and provide a record evidencing some factual basis for his claim of prejudice. Rule 4.02, W.R.A.P. He had an opportunity to attempt to prepare an agreed and approved statement of facts concerning what transpired at the August 28, 1987, hearing under Rule 4.03, W.R.A.

P. He has made no effort, that we can find, to make that information a part of the record in this case. Consequently, we must presume the trial court's actions to have been within its discretion. *Feaster v. Feaster*, Wyo., 721 P.2d 1095, 1097 (1986). See also *Lindsey v. State*, Wyo., 725 P.2d 649, 652–653 (1986).

We also note in passing that it seems inconceivable that appellant could not have reasonably anticipated that the trial court might hear evidence about the alleged violations of the divorce decree. Appellant's failure to attend the Order to Show Cause hearing held on December 22, 1986, to address those issues, was the genesis of this appeal. Appellant also appears to be arguing that he did not receive notice that the trial court might hear evidence on those issues; however, at the same time his Motion for Continuance, filed August 21, 1987, contained this statement:

> "* * * 10. That the substance of the matters pending before the Court pertain to the failure and/or inability of the Defendant to make the payments to the Plaintiff required by the Divorce Decree and to require the Defendant to travel to Wyoming on more than one occasion, with the attendant multiple expense of travel from California to Wyoming and loss of income to the Defendant would create a genuine hardship to the Defendant."

Appellant obviously understood that the trial court could hear evidence on those issues well before he claimed a lack of notice on August 28, 1987.

Affirmed.

---

contrary to the evidence, he *shall* include in the record a transcript of all evidence relevant to such finding or conclusion. * * * *"

Rule 4.03, W.R.A.P. provides:

"If no report of the evidence or proceedings at a hearing or trial was made, or if a transcript is unavailable, the appellant may prepare a statement of the evidence or proceedings from the best available means, including his recollection. The statement *shall* be served on the appellee, who may serve objections or propose amendments thereto within ten (10) days after service. Thereupon the statement and any objections or proposed amendments shall be submitted to the district court for settlement and approval and as settled and approved shall be included by the clerk of the district court in the record on appeal." (Emphasis added.)